# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICTOR REVILL,** | ) | This document relates to |
| | ) | Case No. 2:18-cv-02079-KOB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:19-cv-00114-KOB |
| | ) | |
| **PAMELA CASEY, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **MEGAN GARCIA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-02079-KOB |
| | ) | |
| **PAMELA CASEY, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S OPPOSITION RESPONSE TO PLAINTIFF MEGAN GARCIA'S MOTION FOR RECONSIDERATION

COME NOW Defendants, Blount County District Attorney, Pamela Casey ("District Attorney") and Blount County Assistant District Attorney, Scott Gilliland ("Assistant District Attorney") through their undersigned counsel and submit their response in opposition to Plaintiff Megan Garcia's ("Garcia") Motion For Reconsideration (Doc. 49) as follows:

1

## OVERVIEW

Garcia is asking this Court to reconsider its Order (Doc. 47) dismissing her second and third causes of action alleging defamation by Defendants Gilliland and Casey respectively. (Doc. 49, p.1). Garcia argues that the District Attorney and Assistant District Attorney's statements in issue, which Garcia characterizes as "false and defamatory" are not, as this Court correctly held, protected by state-agent immunity. Garcia is wrong. Garcia ineffectively opines, without legal basis, that the District Attorney's statement and the Assistant District Attorney's statement did not purportedly fall into any alleged category that would provide such immunity. And Garcia's attempt through random unrelated hypotheticals to modify her unequivocal statement in her First Amended Complaint that "at all times relevant to this action" both Casey and Gilliland were acting as the District Attorney and Assistant District Attorney under color of state law, is also ineffective.

Moreover, contrary to the language in her First Amended Complaint, Garcia inaccurately represents in her Motion For Reconsideration that she was arrested "at the behest of these defendants" (Doc. 49, p.4) and that the District Attorney gave "instructions" to deputy sheriff Ashworth. (Doc. 49, p.5). As noted in Defendants' Supplemental Reply to Plaintiff's Response to Casey and Gilliland's Motion to Dismiss (Doc. 33), "[p]laintiff's First Amended Complaint 'clarified' her original complaint by removing what Defendants contend are 'misleading and baseless' allegations." (Doc. 33, p.2). Specifically, Garcia removed language that repeatedly

erroneously stated and/or indicated that the arrests were purportedly "ordered" by the District Attorney and that the Assistant District Attorney allegedly participated in "the decision to make the arrests." (See Garcia's Complaint at Doc. 1, p.4, ¶ 15). This language was removed from Garcia's First Amended Complaint because, as Garcia acknowledges, she "was not privy to the [phone] conversation [in issue] and particularly did not hear what was said on the other end of the line." (See Garcia's First Amended Complaint at Doc. 18, p.4, ¶15).

### THE COURT PROPERLY APPLIED THE AVAILABLE IMMUNITIES

Garcia cites only *Ex parte Cranman* and *Ex parte Butts,* under that section of her Motion For Reconsideration titled "Categories For Which State Immunity Applies". (Doc. 49, pp.1-2). However, both *Ex parte Cranman* and *Ex parte Butts*[1], were thoroughly addressed by this Court in its Memorandum Opinion in issue. (Doc. 46, pp.10-11, 22-23). Garcia cites no other law in this section to support her flimsy argument. Instead, relying on superficial descriptive words like "gratuitous" and "snide," Garcia offers her opinion about how she thinks this Court should have applied *Ex parte Cranman* and *Ex parte Butts* and thereby ruled in her favor. (Doc. 49, pp. 2-3).

Garcia implies, *incorrectly,* that this Court did not allegedly take into account the actions for which immunity is available, nonsensically arguing, in the face of clear evidence to the contrary, that "the appropriate consideration should

---

[1] *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000) and *Ex parte Butts*, 775 So. 2d 173 (Ala. 2000).

3

have been the actions for which immunity is available in the first place." (Doc. 49, p.2). However, a cursory review of this Court's Memorandum Opinion reveals that this Court did take into consideration actions for which immunity is available, as follows:

> "Under Alabama's state-agent immunity doctrine:
>
>> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . .
>>
>> (2) exercising his or her judgment in the administration of a department or agency of government [or] . . .
>>
>> (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons."

(Doc. 46, p. 22). And, just like this Court before her, Garcia identifies and lists these same available immunities in her own Motion For Reconsideration as follows:

> (2) exercising his or her judgment in the administration of a department or agency of government….
>
> (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law enforcement officers' arresting or attempting to arrest persons….

(Doc. 49, p. 2).

This Court properly applied the actions for which immunity is available to the allegations in the case at bar and properly determined that the District Attorney

and Assistant District Attorney are entitled to State-Agent immunity on Garcia's alleged defamation claims. Garcia's efforts to overcome this Court's appropriate legal determination through random, unrelated and dissimilar speculative hypotheticals is not persuasive.

### STATE-AGENT IMMUNITY APPLIES AS THE DEFENDANTS MADE THE REQUISITE SHOWING

Garcia takes issue with this Court's application of the state-agent immunity test referenced in its Memorandum Opinion as follows: "the test to determine whether state-agent immunity applies begins with a showing by the defendant that he was acting in a function that would entitle him to such immunity." (Doc. 46, p. 23, citing *Brown v. City of Huntsville, Ala.*, 608 F. 3d 724, 741 (11th Cir. 2010)). Garcia contends that the Defendants allegedly never argued that their statements were made in the context of such a function. (Doc. 49, p.4). This is a red herring. The test as quoted by this Court and Garcia in her Motion does not require, as insisted by Garcia, that the Defendants argue as defined by Garcia. Nevertheless, based on her flawed contention, Garcia claims that she was therefore allegedly "under no obligation to demonstrate they [the District Attorney and Assistant District Attorney] were acting in such a context." (Doc. 49, p.4).

Garcia appears to acknowledge that the Defendants showed, through Garcia's own assertions, that, at all relevant times to this action, the District Attorney "was allegedly a policy making official regarding law enforcement policy, and that her alleged complained of actions were taken allegedly in her capacity as a policy maker. Plaintiff further alleges that at all times relevant to this

action Gilliland was a Blount County Assistant DA acting under color of state law (internal references omitted)." (Motion for Reconsideration at Doc. 49, p.4; Defendants' Memorandum Brief in Support of their Motion to Dismiss Plaintiff's First Amended Complaint at Doc. 26, p. 5). Yet, without citing any law on point or otherwise, Garcia characterizes this Court's determination that the burden then shifted to Garcia, as a "hyper-technical and irrational interpretation of plaintiff's amended complaint." (Doc. 49, p.4). And as an attempt to substantiate her flimsy opinion-driven argument, Garcia relies on an irrelevant, random hypothetical as well as overreaching language i.e. "instructions to Ashworth" (Doc. 49, p.5) which language and/or similar inaccurate language was removed from Garcia's First Amended Complaint. (See Defendants' Supplemental Reply to Plaintiff's Response to Defendants' Motion to Dismiss at Doc. 33, p.2). Moreover, notwithstanding Garcia's implication to the contrary, as noted in Defendants' Supplemental Reply, an integral part of a prosecutor's, like the District Attorney and Assistant District Attorney, duties include making press statements to the media, a fact which has been acknowledged by the Supreme Court. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 278, n.9 (1993) "[Qualified] immunity is the norm for prosecutors' statements to the media." *Hart v. Hodges*, No. 1:05-CV-30 (WLS), 2011 WL 13294641, at *1 (M.D. Ga. Jan. 3, 2011), citing *Buckley*.

 Garcia opines that her defamation count in her First Amended Complaint allegedly met the requirements of Rule 8(a)(2), Fed. R. Civ. P. which she says is all that is required at this stage. (Doc. 49, p.6). This Court took into consideration

Rule 8 Fed. R. Civ. P., as well, and correctly reached a different conclusion. (Doc. 46, p.7).

### ALABAMA CASE LAW *DOES NOT*, AS ALLEGED, SUPPORT A MORE GENEROUS READING OF THE AMENDED COMPLAINT

The case law in Alabama addressing state-agent immunity does not, as alleged, indicate, even obliquely, that a state agent is purportedly not entitled to state-agent immunity on a defamation claim. Garcia has further failed to cite case law that supports her admittedly tenuous position on this issue. *Patton v. Black*, which is not a defamation case, was preceded by *Ex parte Cranman* where the court restated the principle of discretionary immunity. *Patton v. Black*, 646 So. 2d 8, 10 (Ala. 1994).

Garcia opines without legal basis, that "[n]othing can be more intentional (even if it reflects poor judgment) than defamation." (Doc. 49, p.7). However, Garcia cites no law to support her opinion. Although Garcia does cite the case of *Gary v. Crouch,* it appears to contradict and fatally undermine her opinion, and was cited for its general holding that "(p)eace-officer immunity, like State agent immunity, does not provide immunity from liability for the commission of an intentional tort, but only for negligence in the exercise of judgment." *Gary v. Crouch*, 867 So. 2d 310, 313-314 (Ala. 2003). (Doc. 49, p.7). Significantly, the court in *Gary v Crouch* also specifically noted, to Garcia's detriment, that "the

7

plaintiff must show [1] that the defendant was at least negligent ….″ to meet the first element in establishing a prima facie case of defamation. *Gary v. Crouch*, 867 So. 2d 310, 315 (Ala. 2003)(emphasis added).

In her Motion, Garcia added "[p]arenthetically, plaintiff denies knowing that there was child pornography on the cell phones she was given." (Doc. 49, p.7). However, this Court, in its Memorandum Opinion, likewise, also took into account that "[p]laintiffs allege they were unaware of any child pornography; Mr. Edwards's wife merely claimed—without any corroboration—during the hearing that the phones contained child pornography." (Doc. 46, p.28).

Garcia's apparent reliance on *Ex parte Harris* is misplaced. *Ex parte Harris* involves allegations of libel and slander, but does not specifically allege defamation, which is the claim at issue here. *Ex parte Harris*, 216 So. 3d 1201, 1215-1216 (Ala. 2016). Moreover, unlike the case at bar, immunity was not raised as a defense to the libel and slander claims. *Harris* at 1215. And because *Harris* did not argue immunity with respect to the libel and slander claims, but instead argued lack of evidence, the Alabama Supreme Court concluded that the libel and slander claims were not reviewable by way of a petition for writ of mandamus. *Harris* at 1216.

## CONCLUSION

In light of the foregoing, the Defendants, Blount County District Attorney Pamela Casey and Blount County Assistant District Attorney Scott Gilliland, request that this Court *deny* the Plaintiff Megan Garcia's Motion for Reconsideration and thereby *deny* her request to reinstate her defamation claims against them.

Respectfully submitted on this 23rd day of August 2019.

                                                STEVE MARSHALL
                                              ATTORNEY GENERAL


                                              /s/ MARY GOLDTHWAITE
                                              MARY GOLDTHWAITE
                                              Assistant Attorney General
                                              Counsel for Pamela Casey and
                                              Scott Gilliland

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL  36130
(334) 353-9189
mgoldthwaite@ago.state.al.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2019, I electronically filed the foregoing Defendants' Opposition Response to Plaintiff's Motion For Reconsideration with the Clerk of the Court, using the CM/ECF system which will notify all counsel of record. I further certify that I have placed the same in U.S. First Class Mail, postage prepaid and properly addressed to the following:

David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242

Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145

J. Randall McNeill
WEBB & ELEY PC
7475 Halcyon Pointe Drive
Montgomery, AL 36124

Kent W. Frost
Clayton R. Tartt
Boles Holmes Parkman White, LLC
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203

/s/ MARY GOLDTHWAITE
OF COUNSEL