FILED
2019 Aug-26  PM 04:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICTOR REVILL,** | ) | **This document relates to** |
| | ) | **Case No. 2:18-cv-02079-KOB** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:19-cv-00114-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **MEGAN GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:18-cv-02079-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>DEFENDANTS' LIMITED MOTION FOR RECONSIDERATION</u>

COMES NOW undersigned counsel on behalf of Defendants, Blount County District Attorney, Pamela Casey (" Casey") and Blount County Assistant District Attorney, Scott Gilliland ("Gilliland") and submits their Limited Motion for Reconsideration of this Court's Memorandum Opinion ("Opinion") and Order (Docs. 46, 47) relating solely to the Court's ruling on Count One of Plaintiff Megan Garcia's First Amended Complaint as follows:

This Court states in its Opinion that "...the Defendants do not attack the sufficiency of the Plaintiffs' factual allegations. Instead, their attack is based on legal defenses under various immunity doctrines." (Opinion, p.8). However, in their pleadings, Defendants contend that since Plaintiff Megan Garcia amended her complaint and removed "overreaching unsupportable language, Plaintiff cannot state a claim for which relief could be granted under her first cause of action for alleged unreasonable seizure..." (see Defendants' Supplemental Reply to Plaintiff's Response to Casey and Gilliland's Motion to Dismiss, Doc. 33, p.2). Defendants have maintained that Plaintiff Garcia has failed to state a claim for which relief can be granted as "Plaintiff's claims against these Defendants are based on speculation and conclusory allegations and do not meet the necessary standard set forth in Twombly [1]." (See Defendants Pamela Casey and Scott Gilliland's Memorandum Brief in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint at Doc. 26, p.16). Defendants reiterated their position that Plaintiff Garcia has failed to state a claim upon which relief can be granted in Defendants' Reply and Supplemental Reply. (Defendants' Reply to Plaintiff's Response to Casey and Gilliland's

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)

Motion to Dismiss, Doc. 29, p.1-4; also see Defendants' Supplemental Reply to Plaintiff's Response to Casey and Gilliland's Motion to Dismiss, Doc. 33, p.1-5).

As the Defendants noted in their brief in support of their motion to dismiss Garcia's first amended complaint (Doc. 26) that  in addition to asserting the applicable immunities, Defendants have also asserted that the "Plaintiff has *further* failed to state a claim against these Defendants for which relief can be granted," and that "Plaintiff's above-referenced claims against the DA and Assistant DA appear to be based on conjecture …." (Emphasis Added) (Doc. 26, p.4, 11; also see Defendants' Motion to Dismiss at Doc. 25). In fact, throughout their brief, (Doc. 26) Defendants point out the speculative nature of Plaintiff Garcia's allegations against them and the fact that only one statement is actually attributed to each of the Defendants, with neither alleged statement made prior to the arrest. (Doc. 26). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). (Doc. 26, pp.10-11). Defendants reasonably maintain that no construction of the allegations based on speculation will support this cause of action. (Doc. 26, pp.10-11).

In light of the foregoing limited request for reconsideration directed solely to the Court's ruling on Plaintiff Garcia's Count One, Defendants respectfully ask that this count be dismissed against them for failure to state a claim for which relief can be granted.

Respectfully submitted this 26th day of August 2019.

STEVE MARSHALL
ATTORNEY GENERAL


/s/ MARY GOLDTHWAITE
MARY GOLDTHWAITE
Assistant Attorney General
Counsel for Pamela Casey and
Scott Gilliland

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL  36130
(334) 353-9189
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have on August 26, 2019, electronically filed the Defendants' Limited Motion for Reconsideration with the Clerk of the Court, using the CM/ECF filing system, which will serve the following counsel of record:

David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242

J. Randall McNeill
WEBB & ELEY PC
7475 Halcyon Pointe Drive
Montgomery, AL 36124

Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145

Kent W. Frost
Clayton R. Tartt
Boles Holmes Parkman White, LLC
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203

       /s/ MARY GOLDTHWAITE
OF COUNSEL