FILED
2019 Aug-28 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICTOURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICTOR REVILL,** | ) | *This document relates to* |
| | ) | *Case No. 2:18-cv-02079-KOB* |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.: 2:19-cv-00114-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | |

| | | |
|---|---|---|
| **MEGAN GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.: 2:18-cv-02079-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' LIMITED MOTION FOR RECONSIDERATION

Plaintiff, Megan Garcia, through her undersigned counsel, submits this response to the "Limited Motion for Reconsideration" filed on behalf of defendants Casey and Gilliland. Plaintiff notes that the motion was limited to the one cause of action that was not dismissed by this Court. Regardless, the grounds asserted by these defendants are without merit. In fact, subsequent review and investigation by counsel has proven their claims accurate.

Since plaintiff filed her amended complaint, counsel have obtained access to, and reviewed, the trial transcript from plaintiff's criminal trial following the arrest that is the subject of this litigation. Defendant Ashworth was the principal witness for the state. When she was cross examined

by Mr. Revill's lawyer, Mr. Tartt, the following dialogue took place (plaintiff has omitted the objections and rulings on them, but is attaching the relevant portion of the transcript as Exhibit A and would be happy to provide the entire transcript if deemed necessary or useful):

> Q     About thirty seconds later, we see you walk off screaming on the phone. Were you on the phone that day?
>
> A     Yes.
>
> Q     Who were you on the phone with?
>
> A     I was on the phone with my District Attorney.
>
> Q     And who was the District Attorney?
>
> A     There were two - Pamela Casey and - and- oh, heck, the Assistant DA.
>
> Q     Scott?
>
> A     Yes, Scott Gilliland.
>
> Q     Again, I'm going to represent the time. If you disagree, we can talk about it. But at 2:46, you state "Either give us the phone out of the satchel, or we will have to detain you and go get a warrant to get the phone." Do you recall saying that?
>
> A     Yes.
>
> Q     Immediately thereafter - immediately thereafter, you can hear you on there saying - on the phone say "What? Do what?" And you turn around and place them under arrest. Is that correct?
>
> A     I don't know. I guess.
>
> Q     So you went from "We are going to detain you and go get a warrant", on the phone, "Now we are going to arrest you." Correct?
>
> A     I told them that they were going to be detained, and yes I was on the phone. And then they were placed under arrest.

It is evident from this testimony that, if plaintiff's allegations were "based on conjecture" and were "speculative," the grounds for such conjecture and speculation were not only substantial, but

undeniable. As plaintiff argued in her opposition to the motions to dismiss, a conclusion that Casey and/or Gilliland participated in the decision to arrest plaintiff is inescapable. It is possible, if unlikely, that Ashworth and/or Ratliff decided to arrest plaintiff on their own and the fact Ashworth arrested them immediately after speaking with Casey and Gilliland is mere coincidence. At this stage, no defendant can be reasonbly dismissed. The only way to determine which of the four defendants is culpable is by permitting discovery to proceed. At this stage, based both on the complaint and Ashworth's testimony, it is fair to conclude that all four played some culpable role in the arrest.

Granting the motion raises the specter of Ashworth and Ratliff claiming Casey and/or Gilliland directed them to arrest plaintiff and that they had no choice in the matter. The consequence would be their exonerating themselves and laying all the blame for the unconstitutional arrest at the feet of dismissed parties. That would leave plaintiff without a remedy.

    /s/ Alan Lasseter
Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145
205-458-1212
alan@lasseterlaw.com

    /s/ David Gespass
David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242
205-323-5966
205-323-5990 (fax)
pass.gandjlaw@gmail.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served on all counsel this the 28th day of August, 2019 through this Court's CM/ECF electronic case filing system.

                                                        /s /David Gespass