


**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VICTOR REVILL,** | ) | **This document relates to Case No. 2:19-cv-00114-KOB** |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.: 2:19-cv-00114-KOB** |
| **PAMELA CASEY, ET AL.** | ) | |
| **Defendants.** | ) | |

---

| | | |
|---|---|---|
| **MEGAN GARCIA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.: 2:18-cv-02079-KOB** |
| **PAMELA CASEY, ET AL.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S OPPOSITION RESPONSE TO PLAINTIFF VICTOR REVILL'S MOTION FOR RECONSIDERATION**

COME NOW Defendants, Blount County District Attorney, Pamela Casey ("District Attorney") and Blount County Assistant District Attorney, Scott Gilliland ("Assistant District Attorney") through their undersigned counsel and submit their response in opposition to Plaintiff Victor Revill's ("Revill") Motion For Reconsideration (Doc. 36) as follows:

## OVERVIEW

Revill is asking this Court to reconsider its Order (Doc. 47) "dismissing his tenth, eleventh, twelfth and thirteenth causes of action alleging defamation, false light, and wrongful interference with business relationships by Defendants Gilliland and Casey". (Doc. 36, p.1). Revill argues that the District Attorney and Assistant District Attorney's statements in issue, which Revill characterizes as "false and defamatory" are not, as this Court correctly held, protected by state-agent immunity. Revill is wrong. Revill ineffectively opines, without legal basis, that the District Attorney's statement and the Assistant District Attorney's statement did not purportedly fall into any alleged category that would provide such immunity. And Revill's attempt through random unrelated hypotheticals to modify his unequivocal statement in his Complaint that "[a]t all times relevant to this Complaint" both Casey and Gilliland were acting as the District Attorney and Assistant District Attorney under color of state law, is also ineffective.

## THE COURT PROPERLY APPLIED THE AVAILABLE IMMUNITIES

Revill cites only *Ex parte Cranman* and *Ex parte Butts,* under that section of his Motion For Reconsideration titled "Categories For Which State Immunity Applies". (Doc. 36, pp.1-4). However, both *Ex parte Cranman* and *Ex parte Butts*[1], were thoroughly addressed by this Court in its Memorandum Opinion in issue. (Doc. 46, pp.10-11, 22-23). Revill cites no other law in this section to support his

[1] *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000) and *Ex parte Butts*, 775 So. 2d 173 (Ala. 2000).

flimsy argument. Instead, by stating that the "…comments obviously meant to deride the Plaintiff…have [allegedly] nothing to do with any of the activities which state agents are granted immunity," Revill offers his opinion about how he thinks this Court should have applied *Ex parte Cranman* and *Ex parte Butts* and thereby rule in his favor. (Doc. 36, pp. 2-3).

Revill implies, *incorrectly,* that this Court did not allegedly take into account the actions for which immunity is available, nonsensically arguing, in the face of clear evidence to the contrary, that "the appropriate consideration should have been the actions for which immunity is available in the first place." (Doc. 36, p.2). However, a cursory review of this Court's Memorandum Opinion reveals that this Court did take into consideration actions for which immunity is available, as follows*:*

"Under Alabama's state-agent immunity doctrine:

> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . .
>
> (2) exercising his or her judgment in the administration of a department or agency of government [or] . . .
>
> (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons."

(Doc. 46, p. 22). And, just like this Court before him, Revill identifies and lists these same available immunities in his own Motion For Reconsideration

as follows:

> (2) exercising his or her judgment in the administration of a department or agency of government….
>
> (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law enforcement officers' arresting or attempting to arrest persons….

(Doc. 36, p. 2).

This Court properly applied the actions for which immunity is available to the allegations in the case at bar and properly determined that the District Attorney and Assistant District Attorney are entitled to State-Agent immunity on Revill's alleged defamation, invasion of privacy and wrongful interference with business relationship claims. Revill's efforts to overcome this Court's appropriate legal determination through random, unrelated and dissimilar speculative hypotheticals is not persuasive.

Revill's self-serving opinion that Gilliland's statement is allegedly "malicious on their face" is not persuasive. In support thereof, Revill offers only his opinion and his inability to think of any other interpretation that could apply other than the one that he assigned it.

**STATE-AGENT IMMUNITY APPLIES AS THE DEFENDANTS MADE THE REQUISITE SHOWING**

Revill takes issue with this Court's application of the state-agent immunity test referenced in its Memorandum Opinion as follows: "the test to determine whether state-agent immunity applies begins with a showing by the defendant that

he was acting in a function that would entitle him to such immunity." (Doc. 46, p. 23, citing *Brown v. City of Huntsville, Ala*., 608 F. 3d 724, 741 (11th Cir. 2010)). Revill contends that the Defendants allegedly never argued that their statements were made in the context of such a function. (Doc. 36, p.4). This is a red herring. The test as quoted by this Court and Revill in his Motion does not require, as insisted by Revill, that the Defendants argue as defined by Revill. Nevertheless, based on his flawed contention, Revill claims that he was therefore allegedly "under no obligation to demonstrate they [the District Attorney and Assistant District Attorney] were acting in such a context." (Doc. 36, p.4).

Revill appears to acknowledge that the Defendants showed, through Revill's own assertions, that, at all relevant times to this action, the District Attorney "was allegedly a policy making official regarding law enforcement policy, and that her alleged complained of actions were taken allegedly in her capacity as a policy maker. Plaintiff further alleges that at all times relevant to this action Gilliland was a Blount County Assistant DA acting under color of state law (internal references omitted)." (Motion for Reconsideration at Doc. 36, p.4). Yet, without citing any law on point or otherwise, Revill characterizes this Court's determination that the burden then shifted to Revill, as a "hyper-technical and irrational interpretation of Plaintiff's complaint." (Doc. 36, p.5). And as an attempt to substantiate his flimsy opinion-driven argument, Revill relies on an irrelevant, random hypothetical as well as overreaching language i.e. "instructions to Ashworth.[2]" (Doc. 36, p.5).

[2] This language and/or similar inaccurate language was removed from Garcia's First Amended Complaint. (See Defendants' Supplemental Reply to Plaintiff Garcia's Response to Defendants' Motion to Dismiss at Doc. 33, p.2).

Moreover, notwithstanding Revill's implication to the contrary, an integral part of a prosecutor's, like the District Attorney and Assistant District Attorney, duties include making press statements to the media, a fact which has been acknowledged by the Supreme Court. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 278, n.9 (1993) "[Qualified] immunity is the norm for prosecutors' statements to the media." *Hart v. Hodges*, No. 1:05-CV-30 (WLS), 2011 WL 13294641, at *1 (M.D. Ga. Jan. 3, 2011), citing *Buckley*.

Revill opines that the defamation counts in his Complaint allegedly met the requirements of Rule 8(a)(2), Fed. R. Civ. P. which he says is all that is required at this stage. (Doc. 36, p.6). This Court took into consideration Rule 8 Fed. R. Civ. P., as well, and correctly reached a different conclusion. (Doc. 46, p.7).

**ALABAMA CASE LAW *DOES NOT*, AS ALLEGED, SUPPORT A MORE GENEROUS READING OF THE AMENDED COMPLAINT**

The case law in Alabama addressing state-agent immunity does not, as alleged, indicate, even obliquely, that a state agent is purportedly not entitled to state-agent immunity on a defamation claim. Revill has further failed to cite case law that supports his admittedly tenuous position on this issue. *Patton v. Black*, which is not a defamation case, was preceded by *Ex parte Cranman* where the court restated the principle of discretionary immunity. *Patton v. Black*, 646 So. 2d 8, 10 (Ala. 1994).

Revill opines without legal basis, that "[n]othing can be more intentional

(even if it reflects poor judgment) than defamation." (Doc. 36, p.7). However, Revill cites no law to support his opinion. Although Revill does cite the case of *Gary v. Crouch*, it appears to contradict and fatally undermine his opinion, and was cited for its general holding that "(p)eace-officer immunity, like State agent immunity, does not provide immunity from liability for the commission of an intentional tort, but only for negligence in the exercise of judgment." *Gary v. Crouch*, 867 So. 2d 310, 313-314 (Ala. 2003). (Doc. 36, p.7). Significantly, the court in *Gary v Crouch* also specifically noted, to Revill's detriment, that "<u>the plaintiff must show [1] that the defendant was at least negligent</u> …." to meet the first element in establishing a prima facie case of defamation. *Gary v. Crouch*, 867 So. 2d 310, 315 (Ala. 2003)(emphasis added).

In his Motion, Revill added "[p]arenthetically, Plaintiff denies knowing that there was child pornography on the cell phones that were given to Ms. Garcia." (Doc. 36, p.7). However, this Court, in its Memorandum Opinion, likewise, also took into account that "[p]laintiffs allege they were unaware of any child pornography; Mr. Edwards's wife merely claimed—without any corroboration—during the hearing that the phones contained child pornography." (Doc. 46, p.28).

Revill's apparent reliance on *Ex parte Harris* is misplaced. *Ex parte Harris* involves allegations of libel and slander, but does not specifically allege defamation, false light, and wrongful interference with business relationships

which are the claims at issue here. *Ex parte Harris*, 216 So. 3d 1201, 1215-1216 (Ala. 2016). Moreover, unlike the case at bar, immunity was not raised as a defense to the libel and slander claims. *Harris* at 1215. And because *Harris* did not argue immunity with respect to the libel and slander claims, but instead argued lack of evidence, the Alabama Supreme Court concluded that the libel and slander claims were not reviewable by way of a petition for writ of mandamus. *Harris* at 1216.

## CONCLUSION

In light of the foregoing, the Defendants, Blount County District Attorney Pamela Casey and Blount County Assistant District Attorney Scott Gilliland, request that this Court *deny* Plaintiff Revill's Motion for Reconsideration and thereby *deny* his request to reinstate his alleged defamation, false light, and wrongful interference with business relationships claims against them.

Respectfully submitted on this 30th day of August 2019.

STEVE MARSHALL
ATTORNEY GENERAL

/s/ MARY GOLDTHWAITE
MARY GOLDTHWAITE
Assistant Attorney General
Counsel for Pamela Casey and
Scott Gilliland

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130
(334) 353-9189
mgoldthwaite@ago.state.al.us

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, I electronically filed the foregoing Defendants' Opposition Response to Plaintiff Victor Revill's Motion For Reconsideration with the Clerk of the Court, using the CM/ECF system which will notify all counsel of record. I further certify that I have placed the same in U.S. First Class Mail, postage prepaid and properly addressed to the following:

Kent W. Frost
Clayton R. Tartt
Boles Holmes Parkman White, LLC
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203

J. Randall McNeill
WEBB & ELEY PC
7475 Halcyon Pointe Drive
Montgomery, AL 36124

Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145

David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242

/s/ MARY GOLDTHWAITE
OF COUNSEL