FILED
2019 Sep-05  PM 05:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICTOR REVILL,** | ) | **This document relates to** |
| | ) | **Case No. 2:18-cv-02079-KOB** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:19-cv-00114-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **MEGAN GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:18-cv-02079-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' REPLY IN OPPOSITION TO PLAINTIFF'S RESPONSE TO DEFENDANTS' LIMITED MOTION FOR RECONSIDERATION

COME NOW Defendants, Blount County District Attorney, Pamela Casey

("District Attorney") and Blount County Assistant District Attorney, Scott Gilliland

("Assistant District Attorney") through their undersigned counsel and submit their

Reply in Opposition to Plaintiff Megan Garcia's ("Garcia") Response to Defendants'

Limited Motion For Reconsideration (Doc. 56) as follows:

1

As noted by Garcia, Defendants' Limited Motion for Reconsideration was limited to the only remaining cause of action in Garcia's case. (Doc. 56, p.1). Defendants are *not,* through their limited motion, seeking reconsideration of those causes of action that have already been properly dismissed by this Court. (Docs. 46 and 47).  However, if Garcia's other claims, which were dismissed, still existed, Defendants' position that Garcia has failed in her First Amended Complaint to state a claim for which relief could be granted would be directed at those claims, as well.

Garcia overreaches in her Response to Defendants' Limited Motion for Reconsideration (Doc.56) in an unsuccessful attempt to overcome Defendants' compelling position that Garcia's remaining claim, Count One (Doc. 46, p.28) against these Defendants be dismissed for failure to state a claim for relief against them.  Garcia opines that "the grounds asserted by these Defendants are without merit." (Doc. 56, p.1). Notwithstanding Garcia's opinion to the contrary, the grounds for dismissal asserted by these Defendants are compelling and unquestionably have merit. The referenced trial transcript relied on by Garcia in Response to Defendants' Limited Motion for Reconsideration (Doc. 56, p.1) proves Garcia's claims against the District Attorney and the Assistant District Attorney are baseless.

Garcia does not specifically deny that her allegations are "based on conjecture" and are "speculative." (Doc. 56, p. 2). However, Garcia contends based

2

on a snippet from the trial transcript[1] she produced "….that the grounds for such conjecture and speculation were not only [allegedly] substantial, but [allegedly] undeniable.   (Doc. 56, pp 2-3).  Plaintiff is wrong.

The pure speculative nature of Plaintiff's claims is underscored by omitted pertinent transcript testimony. The speculative nature of Plaintiff's claims is further underscored by her dependence on a brief cherry-picked piece of the transcript[2] where the other Plaintiff, Mr. Revill's lawyer, cross-examined Deputy Sheriff Ashworth during the State's criminal case as follows:

> Q      About thirty seconds later, we see you walk off screaming on the phone. Were you on the phone that day?
>
> A      Yes.
>
> Q      Who were you on the phone with?
>
> A       I was on the phone with my District Attorney.
>
> Q      And who was the District Attorney?
>
> A      There were two - Pamela Casey and - and- oh, heck, the Assistant DA.
>
> Q      Scott?
>
> A      Yes, Scott Gilliland.
>
> Q      Again, I'm going to represent the time. If you disagree, we can talk about it. But at 2:46, you state "Either give us the phone out of the satchel, or we

---

[1] This snippet is from "the trial transcript from plaintiff's criminal trial following the arrest that is the subject of this litigation." (Doc. 56, pp.1-2).

[2] Plaintiff noted that she omitted the objections and rulings in this section, "but is attaching the [alleged] relevant portion of the transcript as Exhibit A and would be happy to provide the entire transcript if deemed necessary or useful." (Doc. 56, p.2).

will have to detain you and go get a warrant to get the phone." Do you recall saying that?

A     Yes.

Q     Immediately thereafter - immediately thereafter, you can hear you on there saying - on the phone say "What? Do what?" And you turn around and place them under arrest. Is that correct?

A     *I don't know. I guess.*

Q     So you went from "We are going to detain you and go get a warrant", on the phone, "Now we are going to arrest you." Correct?

A     *I told them that they were going to be detained, and yes I was on the phone. And then they were placed under arrest.*

(Doc. 56, p. 2)(emphasis added)

With respect to one of the critical leading questions asked during the above cited cross-examination, Deputy Sheriff Ashworth responded by speculatively saying "I don't know. I guess." (Doc. 56, p. 2). And with respect to another leading question asked during the above cited cross examination, Deputy Sheriff Ashworth did not unequivocally agree when asked if what had been stated was "Correct?". (Doc. 56, p. 2).

Pertinent transcript testimony[3] elicited from Deputy Sheriff Ashworth (and not referenced in Garcia's motion) is set forth as follows:

On Direct Re-examination by (Assistant District Attorney) Ms. Pearson:

Q     Who determines whether or not you make an arrest of a suspect?

A     I do.

---

[3]Transcript of Trial ("Transcript") held on March 29, 2018 in the case of State of Alabama v. Megan Nicole Garcia (DC 17-226 and 227) and Victor Martell Revill (DC 17-228 and 229), Circuit Court of Blount County, Alabama. Objections and rulings on them have been omitted from these excerpts but the Transcript is attached hereto as Exhibit A).

Q    *On this day on February 23rd, who determined that these two defendants were going to be arrested?*

A    *I did.*

Q    Is that a decision that you made as an officer of the law?

A    Yes.

Q    You said you stopped the defendants outside on the sidewalk?

A    Yes.

Q    Where were they going when you stopped them?

A    I'm not sure.  They were leaving.

Q    It was your impression that they were leaving?

A    Yes, they were leaving.

(Transcript, pp.82-83)(emphasis added).

Re-cross examination by Mr. Tartt, who is Mr. Revill's attorney:

Q    You could have prevented them from leaving with the evidence simply by detaining them.  Right? Without placing them under arrest?

Q    *Just that it was your independent decision to place them under arrest?*

A    *Yes.*

Q    Without input, suggestion or otherwise from anyone else?

A    Advice.

Q    Advice?

A    *Advice, but not somebody telling me to do something.  I made the arrest*

(Transcript, p.84)(emphasis added).

In the face of clear testimony from Deputy Sheriff Ashworth to the contrary, Garcia inexplicably speculates that "[I]t is possible, if unlikely, that Ashworth and/or Ratliff decided to arrest plaintiff on their own." (Doc.56, p.3). Yet, as noted above, Deputy Sheriff Ashworth unequivocally testified under oath that she was the one who determined that Revill and Garcia were going to be arrested as follows:

Q     Who determines whether or not you make an arrest of a suspect?

A     I do.

Q     On this day on February 23rd, who determined that these two defendants were going to be arrested?

A     I did.

(Transcript, pp.82-83, 85).

And, in direct conflict with trial testimony,   Garcia speculates "that a conclusion that Casey and/or Gilliland participated in the decision to arrest plaintiff is inescapable." How so?  Garcia further speculates that " It is possible, if unlikely, that Ashworth and/or Ratliff decided to arrest plaintiff on their own …."  (Doc 56, p.3) yet as noted above Deputy Sheriff Ashworth firmly answered "yes" when asked if it was "your independent decision to place them under arrest." (Transcript, pp.82-83).

Through her trial testimony Deputy Sheriff Ashworth has clearly "exonerated" the District Attorney and Assistant District Attorney, as she has

6

repeatedly and forthrightly under oath taken full responsibility for her decision to arrest Revill and Garcia.  According to Deputy Sheriff Ashworth, she received advice, but she emphasized that the arrest was "not based on somebody telling her to do something" and that it was she who made the arrest. (Transcript, p.84). Yet Garcia nevertheless argues, without basis, that "[A]t this stage based both on the complaint and Ashworth's testimony, it is [allegedly] fair to conclude that all four played some culpable role in the arrest. (Doc. 56, p.3).

Again, as noted above, Deputy Sheriff Ashworth testified under oath when asked that "yes" it was her independent decision to arrest Revill and Garcia and "*not somebody telling [her] to do something"* (Transcript, p.84) as Garcia has wrongly alleged and/or implied in her Motion for Reconsideration (Doc. 49) and that Revill also claims incorrectly in his Complaint.  Deputy Sheriff Ashworth emphasized that *"I made the arrest."* (Transcript, p.84).

In light of Deputy Sheriff Ashworth's straightforward testimony, Garcia's alleged concern that the deputy sheriff defendants could claim that these Defendants purportedly "directed them to arrest Plaintiff and that they [allegedly] had no choice in the matter" is a red herring. (Doc. 56. p.3). These Defendants did not, as Garcia incorrectly alleges in her Response to Defendants' Limited Motion for Reconsideration (Doc. 56), "participate[d] in the decision to arrest plaintiff". (Doc.

56, p.3). Nor was Garcia arrested "at the behest of these defendants" as inaccurately alleged by Garcia in her Motion for Reconsideration. (Doc. 49, p.4)

## CONCLUSION

Clearly, Garcia's claims against these Defendants relating to her arrest are based on speculation and conjecture. In light of the foregoing, the Defendants, Blount County District Attorney Pamela Casey and Blount County Assistant District Attorney Scott Gilliland, request that this Court grant their Limited Motion for Reconsideration and dismiss Plaintiff Megan Garcia's remaining claim, Count One, against them for failure to state a claim for which relief can be granted.

Respectfully submitted on this 5th day of September 2019.

> STEVE MARSHALL
> ATTORNEY GENERAL
>
>
> /s/ MARY GOLDTHWAITE
> MARY GOLDTHWAITE
> Assistant Attorney General
> Counsel for Pamela Casey and
> Scott Gilliland

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL  36130
(334) 353-9189
mgoldthwaite@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2019, I electronically filed the foregoing

Defendants' Reply in Opposition to Plaintiff's Response to Defendants' Limited

Motion For Reconsideration with the Clerk of the Court, using the CM/ECF system

which will notify all counsel of record. I further certify that I have placed the same

in U.S. First Class Mail, postage prepaid and properly addressed to the following:

David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242

J. Randall McNeill
WEBB & ELEY PC
7475 Halcyon Pointe Drive
Montgomery, AL 36124

Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145

Kent W. Frost
Clayton R. Tartt
Boles Holmes Parkman White, LLC
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203


/s/ MARY GOLDTHWAITE
OF COUNSEL