FILED

2019 Sep-06  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VICTOR REVILL,** | ) | **This document relates to** |
| | ) | **Case No. 2:18-cv-02079-KOB** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:19-cv-00114-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **MEGAN GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:18-cv-02079-KOB** |
| | ) | |
| **PAMELA CASEY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>DEFENDANTS' RESPONSE TO GARCIA'S REPLY TO
DEFENDANTS' OPPOSITION TO HER MOTION FOR
RECONSIDERATION</u>**

COME NOW Defendants, Blount County District Attorney, Pamela Casey ("District Attorney") and Blount County Assistant District Attorney, Scott Gilliland ("Assistant District Attorney") through undersigned counsel to briefly clarify, in part, Plaintiff Megan Garcia's ("Garcia") puzzling Reply (Doc.58) to Defendants' Opposition to her Motion For Reconsideration (Doc. 54) as follows:

1

Plaintiff Garcia is attempting to have the court reinstate her defamation claims by relying, for the most part, on her observations and opinion-based arguments. Through her Reply (Doc. 58), Garcia provides her observations regarding what she presumably did not understand about Defendants' Opposition Response to her Motion for Reconsideration. (Doc. 54). And, Garcia's Reply (Doc. 58), like her Motion for Reconsideration (Doc.49), relies on opinion driven arguments, which are not persuasive. This is underscored by Garcia's counsel's acknowledgement that "Counsel [for Garcia] has searched diligently, and without success, for any Alabama case defining the extent to which prosecutors enjoy some level of immunity for out-of-court defamatory statements. (Doc. 58, p.3).

In her Reply, Garcia devotes considerable time dissecting two cases namely *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993) and *Hart v. Hodges*, 2011 13294641 (M.D. Ga. 2011) (See Doc. 58, pp 1-3), to ostensibly support her allegation that Defendants purportedly conflated qualified and state agent immunity. This is a red herring.

*Buckley* and *Hart* were originally cited in Defendants' Supplemental Reply to Plaintiff's [Garcia] Response to Casey and

Gilliland's Motion to Dismiss (Doc. 33, pp.7,9) and subsequently omitted from Garcia's Motion for Reconsideration. (Doc. 49). They refute Garcia's unfounded opinion that media statements are allegedly not part of prosecutor's job. As noted in Defendants' Supplemental Reply to Plaintiff's [Garcia] Response to Casey and Gilliland's Motion to Dismiss as well as in Garcia's most recent Reply, an integral part of a prosecutor's, like the DA and Assistant DA, duties include making press statements to the media. (Doc. 33, p.9; Doc. 58, pp.2-3). Nevertheless, in Garcia's Motion for Reconsideration (Doc. 49) she continues to argue, despite law to the contrary, that alleged "gratuitous" statements made to the media "have [allegedly] nothing to do with any of the activities for which state agents enjoy immunity." (Doc. 49, p.2-3).

According to Garcia, in *Buckley*, the Supreme Court held that alleged false statements made to the media that inflamed the public against the plaintiff were entitled to qualified immunity. (Doc. 58, p.2). Garcia also appears to note that *Buckley* stands for the proposition that Defendants' out-of-court statements are entitled to state-agent immunity which Plaintiffs have to overcome. (Doc. 58, p. 2). Garcia further noted that, citing *Buckley,* the court in *Hart* held:

The Court also finds that Defendant Hodges's duties as a prosecutor include making statements to the media; in fact, as acknowledged by the Supreme Court and the Eleventh Circuit, although prosecutors do not receive absolute immunity for making such press statements, it is an integral part of a prosecutor's job (emphasis added).

*Hart v. Hodges*, 587 F. 3d 1288 (11th Cir. 2009). (Doc. 58, pp. 2-3).

Thus, both cases cited by Defendants support the proposition that a claim of defamation against prosecutors is subject to state-agent immunity. (Doc. 58, p. 3).  Here the Court properly found that these Defendants were entitled to state agent immunity which Garcia failed to overcome. (Doc. 46, p.24).

Oddly, Garcia inaccurately observed "that defendants seem to say that a case citation is necessary to establish that a false and defamatory statement is not intentional." (Doc. 58, p. 5). This is not what Defendants said at all. (Doc. 54, p.7). Instead, Defendants merely pointed out that Garcia cited no law to support her emphatic and flawed opinion that "[n]othing can be more intentional (even if it reflects poor judgment) than defamation". (Doc. 54, p. 7).  And, that the case of *Gary v. Crouch*, which Garcia inexplicably appears to rely on to support her emphatic opinion, fatally undermines her expressed opinion. *Gary v.*

*Crouch*, 867 So. 2d 310 (Ala. 2003).  According to *Gary v. Crouch*, to meet the first element in establishing defamation a plaintiff must show that the defendant was at least negligent.  And, Garcia appears to simply be mistaken when she overreachingly argues her opinion "that defamation is not necessarily, or even likely to be, negligent".  (Doc. 58, p.5).

Notwithstanding Garcia's weak and inadequate speculative arguments to the contrary, Garcia's First Amended Complaint clearly fails to make out a plausible claim that these Defendants purportedly acted willfully, maliciously, in bad faith or in some combination of the three. Garcia's defamation claims as set forth in her First Amended Complaint are unquestionably insufficient.

In light of the foregoing, the Defendants, Blount County District Attorney Pamela Casey and Blount County Assistant District Attorney Scott Gilliland, request that this Court deny the Plaintiff Megan Garcia's Motion for Reconsideration and thereby deny her request to reinstate her defamation claims against them.

Respectfully submitted on this 5th day of September 2019.

5

STEVE MARSHALL
ATTORNEY GENERAL


/s/ MARY GOLDTHWAITE
MARY GOLDTHWAITE
Assistant Attorney General
Counsel for Pamela Casey and
Scott Gilliland


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL  36130
(334) 353-9189
mgoldthwaite@ago.state.al.us

## <ins>CERTIFICATE OF SERVICE</ins>

I hereby certify that on September 6, 2019, I electronically filed the foregoing Defendants' Response to Garcia's Reply to Defendants' Opposition to Her Motion For Reconsideration with the Clerk of the Court, using the CM/ECF system which will notify the following counsel of record:

David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242

J. Randall McNeill
WEBB & ELEY PC
7475 Halcyon Pointe Drive
Montgomery, AL 36124

Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145

Kent W. Frost
Clayton R. Tartt
Boles Holmes Parkman White, LLC
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203

/s/ MARY GOLDTHWAITE
OF COUNSEL