FILED
2020 May-11 PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MEGAN GARCIA, | ) | |
| | ) | This document relates to |
| | ) | *Case No. 2:18-cv-02079-SGC* |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:18-cv-02079-KOB |
| | ) | |
| PAMELA CASEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| VICTOR REVILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-00114-KOB |
| | ) | |
| PAMELA CASEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### CASEY'S RESPONSES TO PLAINTIFF'S [GARCIA'S] FIRST DISCOVERY REQUESTS

COMES NOW one of the Defendants, Blount County District Attorney, Pamela Casey ("Casey") by and through undersigned counsel, and pursuant to Rules 33 of the Federal Rules of Civil Procedure, submits her objections and responses to the Interrogatories to Plaintiff's [Garcia's] First Discovery Requests served by mail and that was mailed on March 23, 2020 as follows:

## GENERAL OBJECTIONS

1. Defendant objects to each Interrogatory to the extent it is unduly burdensome, overly broad, harassing, oppressive, vexatious, compound, vague, ambiguous, and/or not reasonably limited in time and scope.

2. Defendant objects to each Interrogatory to the extent it requests information that is neither material nor relevant to the subject matter of the pending litigation, and to the extent that the requested information is not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each Interrogatory to the extent it requests the disclosure of information that is subject to the attorney-client privilege, the self-critical analysis privilege, and/or any other legally recognized privilege, or to the extent it seeks information comprising attorney work product or that was otherwise gathered in anticipation of litigation.

4. Defendant objects to each Interrogatory to the extent it seeks legal information rather than factual information, or to the extent it seeks a response that consists of an opinion or contention requiring the application of law to fact.

5. Defendant's responses to these Interrogatories are being made solely for purposes of this action. Each response is subject to all objections concerning materiality, relevance, and/or any other objections to admissibility, which may be interposed at the time of trial. Defendant hereby expressly preserves all such objections, along with his right to move for any necessary protective orders.

6. Any specific objections made in Defendant's individual responses are in addition to the above General Objections and the failure to reassert an objection

below does not constitute a waiver of that objection or any other objection that has been made hereinabove. Subject to and without waiver of the above General Objections, and in a good faith effort to disclose that information which is available at this stage of discovery, Defendant responds as follows:

## INTERROGATORIES

1. If you denied, in whole or in part, any request for admission, state specifically the facts upon which you base your denial and provide the name, address, telephone number and email address of any individual of whom you are aware who has knowledge of any such fact.

> **RESPONSE: Objection is asserted to this Interrogatory to the extent it seeks information that is irrelevant, vague, overly broad in scope and time, and/or that is not reasonably calculated to lead to the discovery of admissible evidence. However, notwithstanding nor waiving these objections, Defendant Casey responds as follows: Defendant denies requests for admissions numbers 2 and she has no recollection of having provided a press release or statement as set forth therein and, upon reasonable review, has no record of such.**

2. State your educational background, including:

   A. Every college or university you attended, the years attended and the degree received;

   B. Any continuing education course you took relating to the job you held at the time of plaintiff's arrest, the date(s) of any such course(s) and whether you received any certificate or other indication of attendance (please provide a copy of any such document if it is in your possession or subject to your control);

   C. Any specific training you received for your position (for defendants Casey and Gilliland, training as prosecutors and for defendants Ashworth and Ratliff, law enforcement training).

> **RESPONSE: Objection is asserted to this Interrogatory to the extent it seeks information that is irrelevant, overly broad in scope and time, and/or that is not reasonably calculated to lead to the discovery of admissible evidence. However,**

3

notwithstanding nor waiving these objections, Defendant Casey responds as follows:

> A. Rhodes College, 1999-2003. BA Political Science, History
> Seattle University School of Law, 2003-2006, JD
> B. See Attached CLE records from 2011-2017[1]
> C. See Attached CLE records from 2011-2017[2]

3. State each and every job you have held, including the name of your employer and direct supervisor, your specific job duties, the dates you held the position and your reason for leaving.

> **RESPONSE:** Objection is asserted to this Interrogatory to the extent it seeks information that is irrelevant, overly broad in scope and time, and/or that is not reasonably calculated to lead to the discovery of admissible evidence. However, notwithstanding nor waiving these objections, this Defendant Casey provides information to this Interrogatory that extends over a more than a 15-year period to April 2020 as follows:
>
> District Attorney, 41st Judicial Circuit (2011-Present)
> Prosecute on behalf of the State of Alabama
> Pamela L. Casey, District Attorney
>
> Assistant Attorney General/Deputy Attorney General (2007-2011)
> Prosecute on behalf of the State of Alabama
> Don Valeska, Chief Criminal Trials
> Clay Crenshaw, Capital Litigation
> Left to assume office as District Attorney
>
> Friedman and Downey (2006-2007)
> Doug Friedman
> Social Security Claims
> Left to join Alabama Attorney General's Office
>
> The Walthew Law Firm (2004-2006)
> Kathleen Keenan Kindred
> Law Clerk while in law school
> Left to move back home to Alabama

---

[1] Will be produced pursuant to protective order.
[2] Will be produced pursuant to protective order.

4

4. State whether you have ever been a plaintiff or defendant in any other law suit (excluding divorce proceedings). If you have, provide the following information:

A. The court in which the case was filed;

B. The case number;

C. The allegations made and whether you were a plaintiff or defendant; and

D. The outcome, including the terms of any settlement or any judgment.

**RESPONSE: An objection is asserted to this Interrogatory to the extent it seeks information that is irrelevant, overly broad in scope and time, and/or that is not reasonably calculated to lead to the discovery of admissible evidence. However, notwithstanding nor waiving these objections, Defendant provides information to this Interrogatory that extends from January 2005 to April 2020 as follows:**

A. **Blount County Circuit Court;**
B. **CV-2015-000082;**
C. **Habeas Petition from Prisoner; Defendant-named in her Official Capacity as District Attorney;**
D. **Dismissed as Moot**

A. **Blount County Circuit Court**
B. **CV-2015-000021**
C. **;Habeas – Inmate Petitioner wanted jail credit for time served toward sentence; Defendant-in her Official Capacity as District Attorney;.**
D. **State consented to allowing credit for time served toward sentence.**

A. **Blount County Circuit Court**
B. **CV-2012-000004**
C. **Habeas; Defendant-named in her Official Capacity as District Attorney;**
D. **Dismissed W/O Prejudice**

A. **Blount County Circuit Court**
B. **CV-2014-900052**
C. **Coroner filed action for declaratory judgment, an injunction and a writ of prohibition relating to autopsies; Defendant named in her Official Capacity as District Attorney; ;**
D. **Dismissed with Prejudice**

5

A. Blount County Circuit Court
B. CV-2016-000023
C. Habeas-Jail filing by inmate related to a Rule 32 petition. Defendant named in her Official Capacity as District Attorney;
D. Disposed by "other"- Rule 32 Petition Overruled and Denied.

Also, as District Attorney, she has pursued numerous civil forfeitures on behalf of the State of Alabama.

Respectfully submitted this the 21st day of April 2020.

Signed as to Objections Only
MARY GOLDTHWAITE
Assistant Attorney General
Counsel for Defendants Pamela Casey and Scott Gilliland

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130
(334) 353-9189 (T)
(334) 353-8400 (F)
Mary.Goldthwaite@AlaamaAG.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2020, I served the foregoing Defendant Casey's Responses to Interrogatories to Plaintiff's [Garcia's] First Discovery Requests via electronic mail and/or first class mail, postage prepaid and properly addressed to the following counsel of record:

David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242
(Via Email and US Mail)

Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145
(Via Email and US Mail)

J. Randall McNeill
WEBB & ELEY PC
7475 Halcyon Pointe Drive
Montgomery, AL 36124
(Via US Mail)

Kent W. Frost
Clayton R. Tartt
Boles Holmes Parkman White, LLC
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203
(Via US Mail)

MARY GOLDTHWAITE
OF COUNSEL