FILED
2020 May-21  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| VICTOR REVILL, | ) | |
| | ) | **This Document Relates Only to** |
| Plaintiff, | ) | *Case No. 2:19-cv-00114-KOB* |
| | ) | |
| v. | ) | **CASE NO.:   2:19-cv-00114-KOB** |
| | ) | |
| PAMELA CASEY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MEGAN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO.:   2:18-cv-02079-KOB** |
| | ) | |
| PAMELA CASEY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SCOTT GILLILAND'S AMENDED ANSWER TO THE COMPLAINT FILED BY VICTOR REVILL

COMES NOW Defendant Blount County Assistant District Attorney, Scott Gilliland through undersigned counsel, and files his Amended Answer to Victor Revill's Complaint (Doc. 1). In doing so, Defendant does not waive any defenses to the Plaintiff's claims, nor does Defendant waive any recourse to seek relief through appellate proceedings.

## FIRST DEFENSE

The paragraphs below correspond to the paragraphs of the Complaint. Unless specifically admitted herein, all allegations asserted by the Plaintiff are denied.

## STATEMENT OF JURISDICTION

1.      The allegations in Paragraph 1 do not appear to require a response from this Defendant. To the extent that any of the allegations can be construed as factual allegations that seek to impose liability on this Defendant, they are denied.

2.      Defendant does not admit or deny the allegations in Paragraph 2 as they state a legal conclusion that should be better left to the court to determine rather than the parties.

3.      Defendant admits all allegations are alleged to have occurred in Blount County, Alabama. Defendant denies the remaining allegations in Paragraph 3 and demands strict proof thereof.

## STATEMENT OF THE PARTIES

4.      Defendant admits Victor Revill is over the age of nineteen (19) years. Defendant denies the remaining allegations in Paragraph 4.

5.      Defendant admits Pamela Casey is over the age of nineteen (19) years, a resident of the United States and serving as Blount County's District Attorney.

2

With respect to the remaining allegations in Paragraph 5, they do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

6.      Defendant admits that he is over the age of nineteen and serving as Blount County Assistant District Attorney and that Paragraph 6 identifies the capacity in which he is being sued by the Plaintiff. With respect to the remaining allegations in this paragraph, to the extent they are understood, the allegations are denied and strict proof thereof is demanded.

7.      Paragraph 7 does not refer to any allegations or claims against Defendant. To the extent Paragraph 7 relates to any allegations or claims against Defendant, Defendant denies the same and demands strict proof thereof.

8.      Paragraph 8 does not refer to any allegations or claims against Defendant. To the extent Paragraph 8 relates to any allegations or claims against Defendant, Defendant denies the same and demands strict proof thereof.

## **STATEMENT OF ALLEGED FACTS**

9.      Defendant admits that Plaintiff is an attorney. With respect to the remaining allegations in Paragraph 9, there is not sufficient information to admit or deny those allegations and therefore Defendant denies the same and demands strict proof thereof.

3

10.    Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 10 and therefore denies the same and demands strict proof thereof.

11.    Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 11 and therefore denies the same and demands strict proof thereof.

12.    Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 12 and therefore denies the same and demands strict proof thereof.

13.    Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 13 and therefore denies the same and demands strict proof thereof.

14.    Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 14 and therefore denies the same and demands strict proof thereof.

15.    Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 15 and therefore denies the same and demands strict proof thereof.

16.    Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 16 and therefore denies the same and demands

strict proof thereof.

17.     Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 17 and therefore denies the same and demands strict proof thereof.

18.     Defendant denies the allegations as asserted in Paragraph 18 and demands strict proof thereof.

19.     Defendant denies the allegations as asserted in Paragraph 19 to the extent they are understand and demands strict proof thereof.

20.     Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 20 and therefore denies the same and demands strict proof thereof.

21.     Defendant denies the allegations as asserted in Paragraph 21 and demands strict proof thereof.

22.     Defendant is without sufficient information to admit or deny the allegations relating to Plaintiff's alleged communications with Defendants Ashworth and Ratliff and/or their alleged communications with each in Paragraph 22 and therefore denies the same and demands strict proof thereof. All allegations relating to the Defendant as asserted in Paragraph 22 are denied and Defendant demands strict proof thereof. All allegations relating to Defendant Casey are denied as asserted in Paragraph 22 and Defendant demands strict proof thereof.

23.     Defendant does not have sufficient information to admit or deny the allegations as asserted in Paragraph 23 and therefore denies the same and demands strict proof thereof.

24.     Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 24 and therefore denies the same and demands strict proof thereof.

25.     Defendant denies the allegations in Paragraph 25 and demands strict proof thereof. However, while arrested outside the courthouse Plaintiff Garcia was asked by Gilliland as indicated.

26.     Defendant does not have sufficient information to admit or deny the allegations as asserted in Paragraph 26 and therefore denies the same and demands strict proof thereof.

27.     Defendant does not have sufficient information to admit or deny the allegations as asserted in Paragraph 27 and therefore denies the same and demands strict proof thereof.

28.     Defendant is without sufficient information to admit or deny the allegations as asserted in Paragraph 28 and therefore denies the same and demands strict proof thereof.

29.     The allegations in Paragraph 29 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be

construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

30.   Defendant denies the allegations in Paragraph 30 to the extent they relate to him and demands strict proof thereof. The remaining allegations in Paragraph 30 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

31.   It appears that the allegations asserted in Paragraph 31 are now irrelevant as the claims related to them have been dismissed. However, out of an abundance of caution, the following response is provided: Defendant does not have sufficient information to admit or deny regarding when the attorney was informed as alleged in Paragraph 31 and therefore denies the same and demands strict proof thereof.

32.   It appears that the allegations asserted in Paragraph 32 are now irrelevant as the claims related to them have been dismissed. However, out of an abundance of caution, the following response is provided: To the extent the allegation in Paragraph 32 is understood, temporary assistant attorneys were at some point appointed.

33.   It appears that the allegations asserted in Paragraph 33 are now irrelevant as the claims related to them have been dismissed. However, out of an

abundance of caution, the following response is provided: Defendant denies the specific allegations relating to prosecuting the case as asserted in Paragraph 33 and demands strict proof thereof. And with respect to the remaining allegations in Paragraph 33 regarding Plaintiff's former client, these allegations do not require a response from this Defendant. To the extent that said remaining allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

34.    It appears that the allegations asserted in Paragraph 34 are now irrelevant as the claims related to them have been dismissed. However, out of an abundance of caution, the following response is provided: The allegations in Paragraph 34 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

35.    It appears that the allegations asserted in Paragraph 35 are now irrelevant as to this Defendant as the claims related to them have been dismissed against this Defendant. However, out of an abundance of caution, the following response is provided: Defendant denies the specific allegations as asserted in Paragraph 35 where Plaintiff alleges that there was purportedly no evidence to support the charges against Plaintiff and Defendant demands strict proof thereof.

36.    It appears that some of the allegations asserted in Paragraph 36 are

now irrelevant as to this Defendant as the claims related to them have been dismissed against this Defendant. However, out of an abundance of caution, the following response is provided: Defendant denies the allegations in Paragraph 36 and demands strict proof thereof.

37.     Defendant, as the Assistant District Attorney working within the scope of his discretionary authority, is without sufficient information to admit or deny the allegations with respect to "all relevant times" as alleged in Paragraph 37 and therefore denies the same and demands strict proof thereof. There is not sufficient information to admit or deny the allegations relating to Blount County sheriff deputies in Paragraph 37 and therefore Defendant denies the same and strict proof thereof is demanded.

38.     Defendant denies the allegations in Paragraph 38 and demands strict proof thereof.

39.     Paragraph 39 does not refer to any allegations or claims against Defendant. To the extent Paragraph 39 relates to any allegations or claims against Defendant, Defendant denies the allegations in Paragraph 39 and demands strict proof thereof.

40.     It appears that some of the allegations asserted in Paragraph 40 are now irrelevant as the claims related to them have been dismissed. However, out of an abundance of caution, the following response is provided: Allegations

referenced in Paragraph 40 regarding public statements do not appear to require a response from this Defendant. However, to the extent that those allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. Defendant denies the remaining allegations in Paragraph 40 and demands strict proof thereof.

41.   To the extent the allegations in Paragraph 41 are understood, Defendant denies the same and demands strict proof thereof.

42.   It appears that some of the allegations asserted in Paragraph 42 are now irrelevant as the claims related to them have been dismissed. However, out of an abundance of caution, the following response is provided: Defendant denies the allegations in Paragraph 42 and demands strict proof thereof.

43.   It appears that some of the allegations asserted in Paragraph 43 are now irrelevant as to this Defendant as the claims related to them have been dismissed. However, out of an abundance of caution, the following response is provided: With respect to the allegation in Paragraph 43 relating to Plaintiff's representation of his client, Lloyd Edwards, Defendant does not have sufficient information to admit or deny this allegation and therefore denies the same and demands strict proof thereof. Defendant denies the remaining allegations in Paragraph 43 and demands strict proof thereof.

44.   It appears that the allegations asserted in Paragraph 44 are now

irrelevant as the claims related to them have been dismissed against this Defendant. However, out of an abundance of caution, the following response is provided: Defendant denies the allegations in Paragraph 44 describing the alleged charges and arrest and demands strict proof thereof. Defendant does not have sufficient information to admit or deny the remaining allegations in Paragraph 44 and therefore denies the same and demands strict proof thereof.

45.     Defendant does not have sufficient information to admit or deny the allegations in Paragraph 45 and therefore denies the same and demands strict proof thereof.

46.     To the extent the allegations in Paragraph 46 can be understood, Defendant does not have sufficient information to admit or deny the allegations as asserted therein and therefore denies the same and demands strict proof thereof.

## COUNT ONE

**Unlawful Investigatory Detention**
**Violation of the Fourth and Fourteenth Amendments**
Pursuant to 42 U.S.C. § 1983
(Against Defendants Sue Ashworth and Bryan Ratliff for
Injunctive Relief)

47.     Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

48.     Paragraphs 48 through 54 do not refer to any allegations or claims against Defendant. To the extent Paragraphs 48 through 54 relate to any allegations

or claims against Defendant, Defendant denies the allegations in Paragraphs 48 through 54 and demands strict proof thereof.

55. **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count One and demands strict proof thereof.

## COUNT TWO

**Unlawful Investigatory Detention**
**Violation of the Fourth and Fourteenth Amendments**
Pursuant to 42 U.S.C. § 1983
(Against Defendants Pamela Casey and Scott Gilliland)

56. Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

57. Defendant denies the allegations in Paragraph 57 and demands strict proof thereof.

58. Defendant denies the allegations in Paragraph 58 and demands strict proof thereof.

59. Defendant denies the allegations in Paragraph 59 and demands strict proof thereof.

60. Defendant does not have sufficient information to admit or deny Defendant Ratliff's alleged admission in Paragraph 60 and therefore denies the same and demands strict proof thereof. Defendant denies the remaining allegations

in Paragraph 60 and demands strict proof thereof.

61.     To the extent Defendant understands the allegations as asserted in Paragraph 61, the allegations are denied and Defendant demands strict proof thereof.

62.     Defendant denies the allegations in Paragraph 62 and demands strict proof thereof.

63.     Defendant denies the allegations in Paragraph 63 and demands strict proof thereof.

64.     **WHEREFORE**, Defendant denies that the Plaintiff Victor Revill is entitled to any relief including, but not limited to, any of the relief sought herein in Count Two and demands strict proof thereof.

<u>**COUNT THREE**</u>

**Unlawful Arrest**
**Violation of the Fourth and Fourteenth Amendments**
Pursuant to 42 U.S.C. § 1983
(Against Defendants Sue Ashworth and Bryan Ratliff for
Injunctive Relief)

65.     Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

66.     Paragraphs 66 through 74 do not refer to any allegations or claims against Defendant. To the extent paragraphs 66 through 74 relate to any allegations or claims against Defendant, Defendant denies the allegations in paragraphs 66

through 74 and demands strict proof thereof.

75.     **WHEREFORE**, Defendant denies that the Plaintiff Victor Revill is entitled to any relief including, but not limited to, any of the relief sought herein in Count Three and demands strict proof thereof.

## COUNT FOUR

**Unlawful Arrest**
**Violation of the Fourth and Fourteenth Amendments**
Pursuant to 42 U.S.C. § 1983
(Against Defendants Pamela Casey and Scott Gilliland)

76.     Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

77.     To the extent the legal allegations in Paragraph 77 are understood, it appears that Plaintiff is asserting his legal allegations.

78.     Defendant denies the allegations in Paragraph 78 and demands strict proof thereof.

79.     Defendant denies the allegations in Paragraph 79 and demands strict proof thereof.

80.     Defendant denies the allegations in Paragraph 80 and demands strict proof thereof.

81.     As relating to the allegations as asserted in this case, Plaintiff was arrested as alleged in Paragraph 81.

82.    As relating to the allegations as asserted in this case, Plaintiff was charged as alleged in Paragraph 82.

83.    Defendant denies the allegations in Paragraph 83 and demands strict proof thereof.

84.    Defendant denies the allegations in Paragraph 84 and demands strict proof thereof.

85.    Defendant denies the allegations in Paragraph 85 and demands strict proof thereof.

86.    Defendant denies the allegations in Paragraph 86 and demands strict proof thereof.

87.    **WHEREFORE**, Defendant denies that the Plaintiff Victor Revill is entitled to any relief including, but not limited to, any of the relief sought herein in Count Four and demands strict proof thereof.

## COUNT FIVE

**False Imprisonment**
**Violation of the Fourth and Fourteenth Amendments**
Pursuant to 42 U.S.C. § 1983
(Against Defendants Sue Ashworth and Bryan Ratliff for
Injunctive Relief)

88.    Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

89.    Paragraphs 89 through 98 do not refer to any allegations or claims

against Defendant. To the extent Paragraphs 89 through 98 relate to any allegations or claims against Defendant, Defendant denies the allegations in Paragraphs 89 through 98 and demands strict proof thereof.

99.    Defendant denies the allegations in Paragraph 99 and demands strict proof thereof.

100.    **WHEREFORE**, Defendant denies that the Plaintiff Victor Revill is entitled to any relief including, but not limited to, any of the relief sought herein in Count Five and demands strict proof thereof.

## COUNT SIX

**Unlawful Detention Following Arrest**
**Violation of the Fourth and Fourteenth Amendments**
Pursuant to 42 U.S.C. § 1983
(Against Defendants Pamela Casey and Scott Gilliland)

101.    Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

102.    To the extent the legal allegations in Paragraph 102 are understood, it appears that Plaintiff is asserting his legal allegations.

103.    Defendant denies the allegations in Paragraph 103 and demands strict proof thereof.

104.    Defendant denies the allegations in Paragraph 104 and demands strict proof thereof.

105.   As relating to the allegations as asserted in this case, Plaintiff was arrested as alleged in Paragraph 105.

106.   As relating to the allegations as asserted in this case, Plaintiff was charged as alleged in Paragraph 106.

107.   Defendant denies the allegations in Paragraph 107 and demands strict proof thereof.

108.   Defendant denies the allegations in Paragraph 108 and demands strict proof thereof.

109.   Defendant denies the allegations as asserted in Paragraph 109 and demands strict proof thereof.

110.   Defendant denies the allegations in Paragraph 110 and demands strict proof thereof.

111.   Defendant denies the allegations in Paragraph 111 and demands strict proof thereof.

112.   **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Six and demands strict proof thereof.

## COUNT SEVEN

### MALICIOUS PROSECUTION
**Violation of the Fourth and Fourteenth Amendments**
Pursuant to 42 U.S.C. § 1983
(Against Defendants Pamela Casey, Sue Ashworth, Scott Gilliland and Bryan Ratliff)

113.   Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

114.   The allegations asserted in Paragraphs 114 through 126 are irrelevant as the claims related to them have been dismissed against Defendant. However, out of an abundance of caution, the following response is provided: To the extent the legal allegations in Paragraph 114 are understood, it appears that Plaintiff is asserting his legal allegations. Therefore, Defendant does not admit or deny the allegations in Paragraph 114 as they state a legal conclusion that should be better left to the court to determine rather than the parties. Defendant denies the allegations as specifically alleged in Paragraphs 115 through 126 and demands strict proof thereof.

127.   **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Seven and demands strict proof thereof.

18

## COUNT EIGHT

### MALICIOUS PROSECUTION
State Law Claim
(Against Defendants Pamela Casey, Sue Ashworth, Scott Gilliland and Bryan Ratliff)

128.   Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

129.   The allegations asserted in Paragraphs 129 through 138 are irrelevant as the claims related to them have been dismissed against this Defendant. However, out of an abundance of caution, the following response is provided: Defendant denies the allegations as specifically alleged in Paragraphs 129 through 138 and demands strict proof thereof.

139.   **WHEREFORE**, Defendant denies that Plaintiff Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Eight and demands strict proof thereof.

## COUNT NINE

### FALSE IMPRISONMENT
Ala. Code §6-5-170
(Against Defendants Pamela Casey and Scott Gilliland)

140.   Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

141.   Defendant denies the allegations in Paragraph 141 and demands strict proof thereof.

142.   Defendant denies the allegations in Paragraph 142 and demands strict proof thereof.

143.   To the extent Defendant understands the allegations as asserted in Paragraph 143 (61), the allegations are denied and Defendant demands strict proof thereof.

144.   Defendant denies the allegations in Paragraph 144 and demands strict proof thereof.

145.   Defendant denies the allegations in Paragraph 145 and demands strict proof thereof.

146.   **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Nine and demands strict proof thereof.

## <u>COUNT TEN</u>

### DEFAMATION
**State Law Claim**
(Against Defendant Pamela Casey)

147.   Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

148.   Defendant does not admit or deny the allegations in Paragraph 148 as they state a legal conclusion that should be better left to the court to determine rather than the parties.

149.   The allegations in Paragraph 149 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

150.   The allegations in Paragraph 150 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

151.   The allegations in Paragraph 151 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

152.   The allegations in Paragraph 152 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

153.   The allegations in Paragraph 153 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

154.   The allegations in Paragraph 154 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

155.   The allegations in Paragraph 155 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

156.   **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Ten and demands strict proof thereof.

## COUNT ELEVEN

### DEFAMATION
**Alabama State Law Claim**
(Against Defendant Scott Gilliland in his Individual Capacity)

157.   Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

158.   Defendant does not admit or deny the allegations in Paragraph 158 as they state a legal conclusion that should be better left to the court to determine rather than the parties.

159.   Defendant denies the allegations in Paragraph 159 and demands strict

proof thereof. However, while arrested outside the courthouse Plaintiff Garcia was asked by Gilliland as indicated in Paragraph 159.

160.   Admitted as to the allegations in Paragraph 160 as to when the search warrants for the cell phones were served. Defendant denies the remaining allegations in Paragraph 160 and demands strict proof thereof.

161.   Defendant denies the allegations in Paragraph 161 and demands strict proof thereof.

162.   Defendant denies the allegations in Paragraph 162 and demands strict proof thereof.

163.   Defendant denies the allegations in Paragraph 163 and demands strict proof thereof.

164.   **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Eleven and demands strict proof thereof.

## COUNT TWELVE

### INVASION OF PRIVACY – FALSE LIGHT
**Alabama State Law Claim**
(Against Defendants Pamela Casey and Scott Gilliland)

165.   Defendant reiterates and incorporates his responses and denials to all of the preceding paragraphs as if fully set forth herein. With respect to the remaining allegations in Paragraph 165, this Defendant does not admit or deny the

remaining allegations in this paragraph as they state a legal conclusion that should be better left to the court to determine rather than the parties.

166.   Defendant denies the allegations in Paragraph 166 and demands strict proof thereof.

167.   The allegations in Paragraph 167 do not require a response from this Defendant. To the extent that any of the allegations in this paragraph can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

168.   The allegation in Paragraph 168 is admitted to the extent it indicates that outside the courthouse Plaintiff Garcia was asked by Gilliland as indicated in Paragraph 168.   Defendant denies the remaining allegations in Paragraph 168 and demands strict proof thereof.

169.   The allegation in Paragraph 169 is admitted regarding when the search warrant for the cell phones was served. Defendant denies the remaining allegations in Paragraph 169 and demands strict proof thereof.

170.   Defendant denies the allegations in Paragraph 170 regarding alleged statements placing Plaintiff in an alleged false light and demands strict proof thereof. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 170 regarding alleged lost revenues and the alleged reasons related to the same.

171.   Defendant denies the allegations in Paragraph 171 and demands strict proof thereof.

172.   **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Twelve and demands strict proof thereof.

<u>COUNT THIRTEEN</u>

**WRONGFULLY INTERFERENCE WITH BUSINESS RELATIONSHIPS**
**Alabama State Law Claim**
(Against Defendants Pamela Casey and Scott Gilliland)

173.   Defendant reiterates and incorporates by reference his responses and denials to all of the preceding paragraphs as if fully set forth herein.

174.   Defendant does not admit or deny the allegations in Paragraph 174 as they state a legal conclusion that should be better left to the court to determine rather than the parties.

175.   Admitted as to the allegation in Paragraph 175 that Plaintiff is an attorney. Defendant does not have sufficient information to admit or deny the remaining allegations in Paragraph 175 and demands strict proof thereof.

176.   Defendant denies the allegations in Paragraph 176 and demands strict proof thereof.

177.   Admitted to the allegation in Paragraph 177 that Plaintiff was a stranger to the Defendant. To the extent the remaining allegations in Paragraph 177

can be understood, Defendant does not have sufficient information to admit or deny the same and demands strict proof thereof.

178.   Defendant denies the allegations in Paragraph 178 and demands strict proof thereof.

179.   Defendant denies the allegations in Paragraph 179 and demands strict proof thereof.

180. **WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any relief including, but not limited to, the relief sought herein in Count Thirteen and demands strict proof thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant denies that Plaintiff Victor Revill is entitled to any of the relief sought under this section based on the alleged legal and factual allegations and demands strict proof thereof.

Defendant denies that Plaintiff is entitled to any relief sought under this section at paragraphs 1-8 below and further specifically responds as follows:

1.    Denied.

2.    Denied. Plaintiff lacks standing to seek any injunctive relief.

3.    Denied. Plaintiff lacks standing to seek any injunctive relief.

4.    Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered each and every allegation asserted in Plaintiff's Complaint, Defendant asserts the following affirmative and other defenses in response to each claim asserted by Plaintiff Victor Revill:

## SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against the Defendant.

## THIRD DEFENSE

Defendant is entitled to Absolute Immunity for each claim.

## FOURTH DEFENSE

Defendant is entitled to Qualified Immunity for each claim.

## FIFTH DEFENSE

Plaintiff has failed to exhaust any administrative remedies.

## SIXTH DEFENSE

Defendant is entitled to State-Agent Immunity.

## SEVENTH DEFENSE

Plaintiff has suffered no actionable injury.

## EIGHTH DEFENSE

Plaintiff's claims are precluded by estoppel.

## NINTH DEFENSE

Defendant did not authorize, order, or participate in the arrest of Plaintiff Revill.

## TENTH DEFENSE

Plaintiff Revill did not suffer any damages as the direct or proximate result of any act or failure to act on behalf of Defendant.

## ELEVENTH DEFENSE

Defendant is entitled to Absolute Prosecutorial Immunity for each claim.

## TWELFTH DEFENSE

Defendant is entitled to Judicial or Quasi-Judicial Immunity for each claim.

## THIRTEENTH DEFENSE

Plaintiff's constitutional claims cannot be sustained as a matter of law.

## FOURTEENTH DEFENSE

Defendant asserts that he is not liable in any manner to Plaintiff regarding the allegations contained in the Complaint.

## FIFTEENTH DEFENSE

Defendant asserts that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature; Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the due process and equal protection clauses of both the Constitution of the United States and the State of Alabama Constitution; and that imposition of punitive damages under Alabama law, is arbitrary and capricious, leading to "grossly excessive" punitive damage awards inasmuch as a jury is provided neither guidelines and reaching some rational ratio between compensatory and punitive damages, nor some rational relation between the Defendant's alleged conduct and the legitimate interest of the State to punish willful conduct and deter its repetition.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages violates the Defendant's rights guaranteed by the Constitution of the United States and the Constitution of the

State of Alabama, in that they are penal in nature, yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

### SEVENTEENTH DEFENSE

Defendant denies that he has been guilty of any conduct which warrants the issue of punitive damages being submitted to the jury or which allows the Plaintiff to recover punitive damages.

### EIGHTEENTH DEFENSE

Defendant is entitled to Sovereign Immunity and Eleventh Amendment immunity.

### NINETEENTH DEFENSE

Defendant is entitled to discretionary function immunity.

Defendant reserves the right to raise additional defenses.

Respectfully submitted on this 21st day of May 2020.

STEVE MARSHALL
ATTORNEY GENERAL


/s/ MARY GOLDTHWAITE
MARY GOLDTHWAITE
Assistant Attorney General
Counsel for Defendants Pamela Casey
and Scott Gilliland

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL   36130
(334) 353-9189
Mary.Goldthwaite@AlabamaAG.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2020, I electronically filed the foregoing Defendant Scott Gilliland's Amended Answer to the Complaint filed by Victor Revill with the Clerk of the Court, using the CM/ECF system which will notify the following counsel of record:

Kent W. Frost
Clayton R. Tartt
Boles Holmes Parkman White, LLC
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203

David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242

J Randall McNeill
WEBB & ELEY PC
7475 Halcyon Pointe Drive
Montgomery, AL 36124

Alan Lasseter
301 19th Street North
Suite 580
Birmingham, AL 35203-3145

/s/ MARY GOLDTHWAITE