# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MEGAN GARCIA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-02079-SGC |
| | ) | |
| **PAMELA CASEY, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **VICTOR REVILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:19-CV-00114-KOB |
| | ) | |
| **PAMELA CASEY, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents and tangible things to be identified and produced in this case, and for good cause shown, the court **ENTERS** this Protective Order:

1. Disclosure and discovery activity in this action may involve production of confidential, proprietary, health related, or private information for which special protection from public disclosure and from use for any purpose other than preparing

for and conducting this litigation would be warranted under applicable legal standards governing confidential treatment of discovery. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further agree this stipulated order does not remove or shift the burden for proving a document or documents are entitled to protection.

    2.    "Confidential Information" is defined as: trade secrets; sensitive personal or business or financial information; tax records; technical data; confidential research, development, or commercial information; and confidential or private personal information. "Confidential Information" may include, whether personal or professional in nature, the following: tax returns and all accompanying schedules; financial statements, whether audited or unaudited; profit and loss statements; business ledgers; income and expense data; paystubs; receipts; or correspondence, reports, memoranda, and other written material regarding financial information the disclosure of which could damage the Plaintiff(s), their businesses, affiliations, and/or their subsidiaries. "Confidential Information" may also include any all health-related information, documents and/or statements. In addition, "Confidential Information" may include information obtained by a party hereto from a third party based on an understanding that its confidentiality would be safeguarded

by the recipient. The foregoing definition of "Confidential Information" is subject to applicable federal and state law on confidentiality.

3.   This Protective Order governs the handling of all Confidential Information, including documents, testimony, and electronically stored information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and pursuant to other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order.

4.   The provisions of this Protective Order shall apply to the parties to this action and the attorneys and respective law firms/offices representing them and any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order.

5.   Any party and anyone who produces or shares Confidential Information may designate such information as Confidential Information if it meets the definition stated in Paragraph 2.

(a) Designation of Documents: Documents may be designated as Confidential Information by stamping "Confidential" on each page prior to production.

(b) Designation of Deposition Testimony: Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court

Reporter to separately bind the "Confidential" portions of the deposition transcript and shall instruct the Court Reporter to stamp the words "Confidential" on each page.

(c) Subsequent Designation: Documents, deposition transcripts, and other information may be designated as "Confidential" pursuant to 5(a) and (b) above after they have been produced without having been so designated only under the following conditions:

(i) Persons to whom such documents, testimony, or other information have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation;

(ii) The new designation applies only as of the date and time of receipt of notice by each person notified;

(iii) Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in Paragraph 5(c)(i); and

(iv) Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, testimony, or other information that bears the designation.

6. For documents entitled to confidential treatment, both the Protected Documents and the information contained therein shall be treated as confidential.

All Confidential Information that is produced or shared in the course of discovery and/or court proceedings herein shall not be disclosed publicly and shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except those specified below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph. Any recipient of Confidential Information, prior to its receipt, shall be informed regarding and agree to be bound by this Protective Order. Any recipient of Confidential Information, prior to its receipt, shall also be advised that the violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner, including public disclosure of this Confidential Information) will be subject to sanctions by the court depending on the circumstances of the violation.

7.   Any recipient of Confidential Information shall not disclose the Confidential Information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such Confidential Information for purposes other than preparation of this action for trial. Any recipient of Confidential Information shall exercise reasonable and appropriate care with regard

to the storage, custody, and or use of Confidential Information in order to ensure that its confidential nature is maintained.

8. Any recipient of Confidential Information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the Confidential Information and/or this Protective Order, including but not limited to any proceeding relating to the enforcement of this Protective Order.

9. Persons to whom Confidential Information may be disclosed:

(a) Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

(i) counsel of record and in-house counsel for the parties in this action, and other attorneys, clerical, paralegal, and other staff employed by such counsel or parties, and any independent experts or independent consultants who are assisting in the prosecution or defense of this action;

(ii) such officers, directors, or employees of the parties as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action, and for no other purpose;

(iii) the Court (in the manner provided by paragraph 11) and Court personnel;

        (iv) any other person as to whom the producing person agrees in writing;

        (v) witnesses at deposition or trial; and

        (vi) court reporters employed in connection with this action.

    (b) Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees in writing to be bound by this Protective Order.

    (c) Exceptions:

        (i) This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having already received copies.

        (ii) If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document, its author, or its source exists.

    10.    Each party represents and warrants that it will confirm in writing before providing any Confidential Information to any expert or consultant that the expert or consultant has no conflict of interest with the opposing party.

    11.    To the extent it is necessary to file with the Court any document designated "Confidential," including affidavits, statements, and/or transcripts of

depositions which contain, incorporate or reference confidential materials, such documents shall be filed in sealed envelopes marked with the caption of the above-styled cases, an identification of the items within, and the notation: **"Contains Confidential Information – To be Opened Only As Directed by the Court."**

12. Unless a prompt challenge to a producing party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13. A party that elects to initiate a challenge to a producing party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the producing party. If, after engaging in the meet and confer process, which can include the parties conferring telephonically, a challenging party still contends that a confidentiality designation was not proper, the challenging party may at any time give written notice by way of a letter or email to the producing party stating its objection to the confidentiality designation. The designating party has thirty (30) days from receipt of such written notice to apply to the Court for an order confirming the designation of the material at issue as confidential. The party seeking such an order has the burden of establishing good cause for the material to be treated as confidential.

14. Until the Court enters an order, if any, changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded "Confidential" treatment.

15. No production of documents or other physical objects shall constitute a waiver of the attorney-client privilege or work product immunity if within a reasonable time the producing party (1) notifies the receiving party that such documents or things were inadvertently produced and are subject to attorney-client privilege or work product immunity; and (2) requests that the receiving party return any such documents or things. Upon such a request, the receiving party shall immediately return to the producing party all originals and all copies of the documents or things for which the producing party claims attorney-client privilege or work product protection pursuant to this paragraph; except that the receiving party may submit a copy to the Court under seal if the receiving party disputes and wishes to challenge the claim of privilege or immunity. Nothing herein shall prevent the receiving party from challenging the claim of attorney-client privilege or work product immunity by filing a Motion to Compel. Nothing in this paragraph circumvents applicable case law pertaining to attorney-client privilege or work product privilege.

16. At the conclusion of this litigation (including any appeals), all documents or transcripts designated "Confidential," and any copies thereof, shall

either be destroyed or returned to the party or person furnishing the same. In addition, all copies of all summaries or other materials containing or disclosing information contained in "Confidential" documents or transcripts shall be returned to the party or person furnishing the same. If the party who receives "Confidential" documents elects in writing to destroy rather than return those documents, any such destruction is pursuant to his or her ethical obligations to preserve his or her file pursuant to the Alabama Rules of Professional Conduct.

17.   This Order shall continue to be binding after the conclusion of this litigation. Any party may move the Court to remove the "Confidential" designation of documents or transcripts that are used as exhibits and/or offered into evidence at trial at the conclusion of this action including the conclusion of the trial and all appeals only if the documents are not covered by any subsequent and inclusive confidentiality agreement.

**DONE** and **ORDERED** this \_\_\_\_\_ day of October, 2020.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE