IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MEGAN GARCIA,**  *This document relates to*
 *both cases*
    **Plaintiff**

    v.  Case No. 2:18-cv-02079-KOB

**PAMELA CASEY, et al.,**

    **Defendants.**

---

**VICTOR REVILL,**

    **Plaintiff**

    v.  Case No. 2:19-cv-00114-KOB

**PAMELA CASEY, et al.,**

    **Defendants**

## OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Plaintiff, Megan Garcia, through her undersigned counsel, opposes defendant Casey's motion for protective order.[1] As grounds, she states:

1. This matter involves two plaintiffs and two pairs of defendants. Four of the six parties are lawyers. Consequently, scheduling of party depositions has been unusually difficult because the schedules of four attorney parties and all the parties' lawyers had to be accommodated. Because of these difficulties, Alan Lasseter, one of Ms. Garcia's attorneys, spent considerably more time trying

---

[1] Evidently, the motion is filed only on behalf of Pamela Casey and not on behalf of Scott Gilliland, whom counsel also represents.

to schedule party depositions than he has ever previously had to spend. Megan Garcia's deposition has been scheduled for several weeks.

2. Ms. Garcia lives in Georgia and, as reflected in the email exchanges (Casey's Exhibit B to her motion, Doc. 84), has traveled here from out of state for her deposition.

3. Her counsel has asserted, without explanation or justification, that Casey will be prejudiced if she is unable to attend the deposition. As the email exchange reflects, counsel did not provide any explanation after she was asked how her client would be prejudiced.

4. On balance, Casey will be advantaged by the scheduling of the depositions. Hers will be the last party deposition – and likely the last deposition of any kind – to be taken in this matter. She will be able to read the transcripts of all other depositions and, if she chooses, view the party depositions, all of which have been, or will be, video recorded. She will be in a better position to prepare than any of the other party deponents.

5. There are virtually no facts pertaining to liability which can be elicited from Ms. Garcia that are not already known. The entire incident that is the basis of this litigation was recorded on an Oneonta police officer's body-worn camera and is available on the Internet via Youtube at https://www.youtube.com/watch?v=ps2RZ6QOw4M. It has been viewed 200,668 times, has received 1,200 "likes" and 1,616 comments. There are simply no factual secrets to be elicited from Ms. Garcia, who never, throughout the incident, said a word until after she was arrested and to whom no words were directed until Ms. Ashworth said, "You are both under arrest for obstructing government operations."

6. Further, although counsel seeks to reschedule Ms. Garcia's deposition for "next week or soon thereafter," there is absolutely no assurance that Casey's situation will have improved sufficiently that she would be available, nor is there any guarantee that the several lawyers, including

Ms. Garcia, will all be available.

7.     Even in the motion, counsel persists in asserting, without any facts, explanation or even argument to support her claim, that Casey's presence is "imperative to her defense." It is inconceivable that, nearly two years after Garcia's complaint was filed, after extensive paper discovery has been produced, and after the deposition of defendant Sue Ashworth was taken over two days[2] that an experienced lawyer would be so unprepared that she could not take Ms. Garcia's deposition without assistance from Ms. Casey, particularly since Mr. Gilliland can certainly attend via Zoom.

    /s/ David Gespass
David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242
205-323-5966
205-323-5990 (fax)
pass.gandjlaw@gmail.com

    /s/ Alan B. Lasseter
Alan B. Lasseter
LASSETER LAW FIRM, P.C.
2204 Lakeshore Drive
Suite 303
Birmingham, Alabama 35209
205-438-6591
888-223-2257 (f)
alan@lasseterlaw.com
Attorneys for Plaintiff

---

[2] Ms. Ashworth unquestionably has more information relating to liability in this matter than does Ms. Garcia. She was the deputy sheriff who secured the search warrant and, by her testimony, received advice from defendants Casey and Gilliland prior to arresting plaintiff and Mr. Revill, advice that was not audible on the video recording of the incident.

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing has been served on all counsel this the 12th day of November, 2020 through this Court's CM/ECF electronic case filing system.

                                           /s /David Gespass