IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VICTOR REVILL, *Plaintiff* | ) ) ) |
| v. | ) Case No.: 2:19-CV-00114-KOB ) |
| PAMELA CASEY, ET AL., *Defendants*. | ) ) ) |

| | |
|---|---|
| MEGAN GARCIA, *Plaintiff* | ) ) ) |
| v. | ) Case No.: 2:18-CV-02079-KOB ) |
| PAMELA CASEY, ET AL., *Defendants*. | ) ) ) |

**PLAINTIFF REVILL'S REPLY TO DEFENDANTS ASHWORTH'S AND RATLIFF'S RESPONSE IN OPPOSITION TO REVILL'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Victor Revill, by and through his undersigned counsel, submits his reply in support of his motion for partial summary judgment and in support thereof says as follows:

Revill filed his initial motion for summary judgment and supporting brief as to all Defendants on April 13, 2021. ECF No. 123.[1] On the same day, the Deputy Defendants filed their motion for summary judgment and supporting brief. ECF Nos.

---

[1] The document numbers cited here are as they appear on the pleadings in Case 2:19-cv-00114-KOB.

1

125 and 126. The Deputy Defendants' brief was subsequently refiled in order to redact personal information and their response to Garcia's motions for summary judgment is now in the record as ECF No. 144 as to Garcia and ECF No. 145 as to Revill. Document 144, while nearly the same as the briefs that were filed by the Deputies as to both Plaintiffs, includes the Deputy Defendants' response to Garcia's previously filed motions for summary judgment. ECF No. 144. The Deputy Defendants then filed their response as to Revill's motion for summary judgment by adopting Document 144, Deputy Defendants' Motion for Summary Judgment, Memorandum Brief, and evidentiary submissions previously filed in this case, and new argument. ECF No. 162.

Because Revill has previously submitted his response to the majority of the Deputies' arguments in his response (ECF No. 160), this reply will not rehash those same points. Revill adopts and incorporates his previously filed response (ECF No. 160) as if fully set forth herein and Garcia's replies and responses.

The Deputy Defendants contend that Ratliff had no duty to intervene to prevent the arrest. ECF No. 144, p. 31. Binding precedent shows otherwise. The Defendants attempt to distinguish Ratliff's actions and knowledge with the facts set out in *Jones v. Cannon* by arguing that, unlike *Jones*, Ratliff did not know "precisely of the illegal conduct" of the other officer involved. ECF. No. 144, p. 31. However, Ratliff, present with Plaintiffs during the course of their detention and arrest,

observed every action that could have given rise to Ashworth arresting them for obstruction of governmental operations. Further, Ratliff testified that he did not observe Revill or Garcia do anything giving rise to probable cause to arrest for obstruction of governmental operations – the charge for which they were initially arrested. (Ex. D, pp. 232-33, ll. 18-23, 1-4). The fact is that Plaintiffs were respectful, even keeled, and compliant with all orders. Simply, the Plaintiffs refused to consent to a warrantless search of their persons and/or belongings.

Ratliff understood that fact. He agreed that an individual "by all means" may refuse to consent to a search. (Ex. D p. 240, ll. 5-9). When asked directly if the Plaintiffs' refusal to consent warranted being charged with the crime of obstruction, Ratliff relied on the unpersuasive idea that he was just following Ashworth's orders. However, an officer's claimed inability to control another officer is not the standard in evaluating the duty to intervene. Whether one was just following orders is not the test. The test is whether the officer "knew the arrest lacked any constitutional basis and yet [he/she] participated in some way." *Wilkerson v. Seymour*, 736 F.3d 974, 980 (11th Cir. 2013). Because Ratliff "knew the arrest lacked any constitutional basis," he had a duty to intervene. He did not. Therefore, the Plaintiff's request for summary judgement is due to be granted.

Next, the Deputies argue Plaintiffs incorrectly claimed this Court has determined this case represents one where a violation occurred based on the plain

text of the Fourth Amendment. ECF No. 144, p. 35-36. First, the Plaintiffs do not and have not argued that the Court's statements regarding what kind of violation occurred in this case were made in any context other than as to motions to dismiss. What this Court did find there was that Plaintiffs' claims can survive motions to dismiss if their *allegations* state a violation of clearly established law, but that the issue of qualified immunity at the summary judgment stage depends on whether discovery uncovers "evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." (ECF No. 46, p. 10) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

As they did then, the Plaintiffs still agree with the Court that "[n]o reading of the Fourth Amendment authorizes an official to use a warrant for the search of *another* person to arrest a *different* individual not interfering in the search of the person listed on the warrant." ECF No. 46, p. 20. The question here is whether discovery has uncovered evidence that the Defendants did unlawfully and without arguable probable cause seize and arrest Plaintiffs because they refused to consent to a warrantless search. As set out in Plaintiffs' summary judgment pleadings, such evidence has been uncovered. Ashworth knew she *did* have a search warrant for Mr. Edwards's car and person for cell phones. This same information was known to Ratliff before making the arrest, as well. Ashworth knew she *did not* have a search warrant for Revill's or Garcia's persons, as did Ratliff. Despite this, Ashworth and

Ratliff detained Revill and Garcia, and then arrested them simply because they refused to consent to a warrantless search.

Finally, the Deputies argue that summary judgment is not appropriate because they theorize that (1) Revill and Garcia were aware of the criminal investigation of Edwards at the time they were arrested and (2) that Ashworth knew Revill and Garcia were aware, and that she further believes they were "*deliberately participating in hiding child pornography.*" ECF No. 144, p. 37 (emphasis added). The record here establishes that Ashworth's conspiracy theory that somehow the Plaintiffs were participating in a scheme with their client to conceal child pornography and abscond with it is not based in reality. This conjecture is no more than Ashworth's own fantasy imagined, after the fact, to try and justify her unlawful conduct. Such speculation does not prevent this Court from ruling in Plaintiff's favor on summary judgment. *See Cordoba v. Dillards, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.").

In short, Ratliff had a duty to intervene and failed to do so, Defendants lacked arguable probable cause to detain and arrest Plaintiffs, and Ashworth's after-the-fact assertion that she believed Plaintiffs conspired with their client to conceal and

abscond with child pornography should not prevent this Court from granting Plaintiff's motion for summary judgment.

WHEREFORE, premises considered, Plaintiffs' motions for partial summary judgment are due to be granted.

Respectfully submitted,

**/s/ Clayton R. Tartt**
Clayton R. Tartt (asb-9981-c57t)
**/s/ Suzanne R. Norman**
Suzanne R. Norman (asb-1703-m06o)
*Counsel for Plaintiff Victor Revill*

**OF COUNSEL:**

**BOLES HOLMES PARKMAN WHITE LLC**
1929 Third Avenue North, Suite 500
Birmingham, AL 35203
Telephone: 205-502-2000
Facsimile: 205-847-1285
Email: ctartt@bhpwlaw.com
 snorman@bhpwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system, which will cause copies to be electronically served upon all counsel of record.

**/s/ Clayton R. Tartt**
OF COUNSEL