```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION



 MEGAN GARCIA,                        2:18-CV-2079-KOB

         Plaintiff,

 vs.

 PAMELA CASEY, et al.,

         Defendants.

                           * * * * *

 VICTOR REVILL,                       2:19-CV-1114-KOB

         Plaintiff,

 vs.

 PAMELA CASEY, et al.,

         Defendants.

 * * * * * * * * * * * * * * * * * * * * * * * * *

              REPORTER'S OFFICIAL TRANSCRIPT OF
                      PHONE CONFERENCE

                    SEPTEMBER 29, 2020

                         1:00 P.M.


             BEFORE THE HONORABLE KARON O. BOWDRE
                  UNITED STATES DISTRICT JUDGE




 COURT REPORTER:
 Teresa Roberson, RMR
 Federal Official Court Reporter
 1729 Fifth Avenue North, Ste. 200
 Birmingham, Alabama  35203
```

```
 1                         * * * * *
 2                      A P P E A R A N C E S
 3                         * * * * *
 4   FOR THE PLAINTIFF GARCIA:
 5   David Gespass
     Gespass & Johnson
 6   P.O. Box 550242
     Birmingham, AL  35222
 7
 8   FOR THE PLAINTIFF REVILL:
 9   Clayton Tartt
     Kent Frost
10   Boles Holmes Parkman White
     1929 3rd Avenue North, Suite 500
11   Birmingham, Alabama  35203
12
13   FOR THE DEFENDANT:
14   Mary Goldthwaite
     Office of the Attorney General
15   501 Washington Avenue
     Montgomery, Alabama  36109
16
17   J. Randall McNeill
     Webb McNeill Walker
18   7475 Halcyon Pointe Drive
     Montgomery, Alabama  36124
19
20
21
22
23
24
25
```

```
 1                        * * * * *
 2                      P R O C E E D I N G S
 3                        * * * * *
 4           THE COURT:  I wanted to talk with y'all after
 5   receiving the fifth joint status report, and particularly the
 6   issue about the deposition for Ms. Casey, and the divergent
 7   approaches to discovery between now and the time that y'all
 8   could get her deposition which wouldn't be until March of '21.
 9           First of all, what's going on with Ms. Casey?
10           MS. GOLDTHWAITE:  Judge, she has, I guess, a very --
11   a high risk pregnancy.
12           THE COURT:  Okay.  All right.  Is she on bed rest?
13           MS. GOLDTHWAITE:  Not yet.
14           THE COURT:  Okay.
15           MS. GOLDTHWAITE:  I'm happy -- I mean, I'm not
16   happy, but we can certainly provide a doctor's affidavit under
17   seal or doctor -- what -- I'm not sure what I need to provide,
18   but I will provide it in terms of her medical concerns and
19   issues.
20           THE COURT:  Okay.  Is she not able to work?
21           MS. GOLDTHWAITE:  I think she's able to work right
22   now.  I can tell you, as of last week -- but as I understand
23   it, it's a high concern about her health and the baby's health
24   relating to going forward with her deposition.
25           I mean, I have gotten -- I mean, I'm a little
```

1  concerned about what all I can discuss in this meeting, and I
2  understand that the other lawyers have been fine without a lot
3  of detail.
4          I have detail, I would have to pull it up, but
5  bottom line is, she is having -- is having a difficult time
6  and there's a lot of concerns.  And I don't have the medical
7  information to provide you today, but I certainly can provide
8  it.  If I could, please, Judge, I would like to provide it
9  under seal.  I'm concerned about HIPAA.
10         THE COURT:  I understand.  And it's not that I'm not
11 concerned about her health.  I certainly am.  But I think I
12 would like to at least have a doctor's excuse, if you would,
13 as to why she could not sit for a deposition now, because not
14 getting her deposition until well after dispositive motions
15 are even due in this case certainly will drag this case out
16 much longer than it already has been drug out.
17         But I do not see any reason why we should postpone
18 all other discovery pending her availability for a deposition.
19         MR. McNEILL:  This is Randall McNeill on behalf of
20 the county defendants.
21         I have been talking to David and with Clayton and,
22 Mary, I think you would be fine with this, too, I don't think
23 Ms. Casey needs to be there, but we are going to do
24 depositions tentatively next month.
25         THE COURT:  All right.  I would like for these

1  cases, as much as possible, to move together, but to the
2  extent that the Casey case would be delayed, then -- well, no.
3  Seriously, Ms. Goldthwaite, why can't we proceed with all
4  other discovery and depositions other than Ms. Casey?
5           MR. GESPASS:  Judge, I think our position is that
6  the only thing that we are agreeing to postpone is Ms. Casey's
7  deposition.
8           Other than that, all discovery should be completed
9  within the terms of the original order or the modified
10 scheduling order.  And I think by and large paper discovery
11 has been completed, and we have -- the plaintiffs have noticed
12 depositions of the other three defendants for mid-October,
13 and --
14          MR. MCNEILL:  Judge, one thing that we do want to
15 add is that we have a protective order that you drafted, and I
16 don't think all the parties have checked the boxes on it
17 yet -- that deals with Clayton's client -- seeking financial
18 records.  And I agree it needs to be under protective order.
19          THE COURT:  All right.  Back again to my question to
20 Ms. Goldthwaite.  Why do we have to wait until Ms. Casey can
21 give a deposition in March to proceed with any other discovery
22 in this case?
23          MS. GOLDTHWAITE:  Well -- and, Judge, first off, I
24 certainly understand that I am in the minority on this.  It is
25 my experience, I have never had a case where the party is not

1  present for deposition.  I think it places them at an extreme
2  disadvantage.  And not just -- I -- bottom line is, it's -- I
3  have been doing this a long time and that has never occurred.
4  Again, for my client, I think that -- I think it's -- it is --
5  she shouldn't be penalized and the case shouldn't be penalized
6  because she has this unexpected situation.
7         I mean, the case has been going on for awhile due to
8  no fault of her, and I think unfortunately she has a situation
9  that places her in great risk to be part of this.
10         So, that's why I -- my position is that we
11  certainly, in the best interest of her in the case, if she
12  could be present.
13         THE COURT:  Okay.  What about, could she observe via
14  zoom?  And then you have an opportunity to talk with her
15  before you ask questions of the witness?  Could that be done?
16         MS. GOLDTHWAITE:  Well, that's certainly a
17  possibility, Judge.  I mean, it's -- it's kind of a day-by-day
18  situation.  I mean, that would be the hope moving forward, I
19  mean, that she can do that.
20         But, I mean, I don't think it's something that we
21  would know in advance.  I mean, if that makes any sense at
22  all.
23         THE COURT:  It does.
24         MS. GOLDTHWAITE:  I'm sorry that I'm not -- I've
25  never -- this is the first for me, too, Judge.  I don't know

1   about you.  This is the first -- so -- I'm just trying to
2   figure it as we go.  But I do think a party being present is
3   very important for them for their case, particularly the
4   allegations of this case.
5           THE COURT:  Well, I think there are some things that
6   can be explored, as I just mentioned, to see if we could not
7   accommodate Ms. Casey in that regard.
8           But just sitting on this case for nine months
9   doesn't seem to me to be a very efficient way of trying to
10  move the case forward.
11          So, what I want you to do is at least try to see if
12  you could take some of these depositions with her
13  participating via zoom and see if that works out.  You may, in
14  doing that, you may want to focus on the more important
15  witnesses first in hopes that she would be available to
16  participate earlier more so than later.  And I am very
17  confident that these men will accommodate you and Ms. Casey as
18  much as they possibly can in dealing with her extraordinary
19  circumstances.
20          And if it gets to a point where she can't
21  participate that way, and her doctor says so, then we can
22  revisit whether we need to just suspend all discovery.  But at
23  least I would like for us to try.  Okay?
24          MS. GOLDTHWAITE:  Yes, Your Honor.  Judge, if I
25  might, in terms of what I need to provide from the doctor,

```
 1   does it need to be -- does it need to be in affidavit form or
 2   just a statement?
 3             THE COURT:  No.  Just a statement.
 4             MS. GOLDTHWAITE:  I will provide that under seal.
 5             THE COURT:  I mean, it's fine with me if you just
 6   want to do it via email instead of actually filing it.  And
 7   then we won't have to worry about something that's sealed.
 8   And I'm assuming that you have no problem sharing that with
 9   the other counsel.
10             MS. GOLDTHWAITE:  Well, is that something that they
11   feel like they need to have, if I could provide something
12   that --
13             THE COURT:  I mean, you're asking them to basically
14   put the interest of their clients on hold for Ms. Casey --
15             MS. GOLDTHWAITE:  Well, I just -- I guess I'm
16   looking -- if I could ask a couple of questions.  One, if the
17   only thing we put on hold is Ms. Casey's deposition, would I
18   need to provide her medical records to the other side?  If I
19   provide the medical records to the other side, could there be
20   a stipulation it would not be provided to their clients?  I
21   mean, it's highly personal information.  And it's just, I
22   mean, that's all I'm trying to figure out.
23             THE COURT:  I'm not asking for her medical records.
24   I'm just asking for a statement from her doctor that would
25   give some basis for delaying this case on her behalf for nine
```

1  months or more.
2          MS. GOLDTHWAITE:  I'm sorry.  Okay.  You are not
3  asking for detailed medical information to this date?
4          THE COURT:  No.  But I'm asking for some statement
5  from the doctor that would justify what you're asking this
6  court and these counsel to do.
7          MS. GOLDTHWAITE:  Thank you.  I was just thinking I
8  was providing a lot of medical information.
9          THE COURT:  If we do it via email, we don't have
10 anything on record of something that's being sealed.  And if
11 you don't want them to disclose it to their client, I'm sure
12 we can work something out with them.  But not knowing what it
13 is -- I'm just having a hard time understanding why you
14 wouldn't be willing to share that information with these
15 people who you are asking, again, to put your client's
16 interest, that they don't even know what it is, ahead of their
17 own client's interest.
18         MS. GOLDTHWAITE:  I understand, Judge.  And my
19 apologies.  I had possibly incorrectly understood that they
20 did not need that information, so I am fine with that.  I
21 would like that be subject to a protective order also,
22 whatever it is.  I mean, she is a district attorney and she
23 is -- there again, I mean, I don't -- I mean, I guess what
24 will be provided, if it's not enough, we will provide
25 additional detail.

```
1                THE COURT:  Okay.
2                MS. GOLDTHWAITE:  This is a highly sensitive matter.
3                THE COURT:  I understand.  I just have to balance
4    everybody's interests.
5                MS. GOLDTHWAITE:  Understood, Judge.  I do.
6                THE COURT:  All right.  And again, if she's not
7    going to be able to participate by zoom with anything that's
8    going on early on, then y'all need to come back to me and see
9    what, if anything else, we need to do.
10               But I want to at least try, Ms. Goldthwaite, to get
11   this case moving and to move it as far as we can before we
12   have to halt everything.
13               MS. GOLDTHWAITE:  I understand. I appreciate it.
14   Judge, she wants to move forward, too, I do want to share
15   that.  She is eager to get this behind her, too.
16               THE COURT:  Having had a high or a difficult
17   pregnancy the last two months and being in bed with that, I,
18   you know, it's not that I don't sympathize at all.  But like I
19   said, I have got to put everybody's interests in the balance
20   there.
21               So I'm not going to do anything today with the
22   scheduling order as it is.  If it gets to the point where we
23   can't do anything else, then we'll come back and look at it
24   again.  Okay?
25               MR. GESPASS:  Thank you, Judge.
```

```
 1              MR. McNEILL:  Thank you, Judge.
 2              THE COURT:  Y'all carry on with what you can.
 3   Anything else we need to talk about?
 4              MR. McNEILL:  None from me.
 5              THE COURT:  Go and do what you can.
 6                      (COURT ADJOURNED)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                    C E R T I F I C A T E
 3
 4        I hereby certify that the foregoing is a correct
 5   transcript from the record of proceedings in the above-
 6   referenced matter.
 7
 8
     _____
 9   Teresa Roberson, RPR, RMR
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```